ORIGINAL

United States District Court
District of Delaware

Civil Action, File Number 04-921-KAJ

Vurnis L. Gillis
　　　　Plaintiff

v.

Commissioner Stan Taylor, et al.,
　　　　Defendants



FILED
OCT 14 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Motion For Leave To File an Amended Complaint

Plaintiff Vurnis Gillis, pursuant to Rule 15(A) and 19(A) Fed.R.Civ.P., request leave to file an amended complaint adding eight parties.

1. The Plaintiff in his complaint named eight new defendants

[1]

2. The Filing of The Complaint The Plaintiff Has Determined That The Names of The Defendants Are:

1. R.N. Missy
2. R.N. Lorraine
3. Nurse Quanni
4. Nurse Gloria
5. Nurse Betty
6. Nurse Lisa
7. R.N. Becky
8. Nurse Holly

All The Defendants Have Acted, And Continue To Act, Under Color of State Law. At All Times Relevant To This Complaint.

### STATEMENT OF FACTS

1. Without Access To The Plaintiffs Institutional Files And Records,

[2.]

it is hard to document and chronical the actual chain of events Mr. Gillis alleges have taken place, but using what is accessable various Court Dockets, Judicial orders, and sentencing orders Plaintiff assects the following as acurate as possible.

2. On November 8th, 1985 the Plaintiff was arrested on warrent on Crim. Action No. IN85110718 Burglary Second Degree, Crim. Action No. IN85110719 Robbery First Degree, Crim. Action No. IN85110720 Possession of a Deadly Weapon during Commission of a Felony, Crim. Action No. IN85110721 Conspiracy Second Degree, and Comitted to Gander Hill Prison. See [Exibit 1]

3. On December 31, 1985 the Plaintiff entered a Plea of,

NOT Guilty to these charges and after a Jury Trial on June 10, 1986 Plaintiff was found guilty of all charges and sentenced on August 22, 1986 as follows:
As to 0719, Robbery First Be imprisoned for 12 years Beginning November, 8, 1986 Ending on November, 7, 1997 First 3 years is minimum mandatory without Probation or Parole. As to 0720 PODWDCF Be imprisoned for 3 years Consecutive to sentence of Court 0719. As to 0718 Burglary second 5 years Probation Consective to sentence of Count 0720. As to 0721 Conspiracy second 5 years Probation Consective to sentence of Count 0718. See [Exibit 1 and 2]

4. A motion for Reduction of sentence was filed on August 22, 1986 to Judge Martin and Again on,

[4.]

August 28, 1995 to Judge Toliver, neither motion was ever ruled on by either Judge. See [Exhibit 1 Pages 2 and 4] and [Exhibit 3]

5. The Plaintiff alleges that he was prescribed Psychotropic medications by Doctors Robinson and Doctor Weiss while at the Delaware Correctional Center in <u>1987</u>. The medications consisted of Haldol Injections, Haldol Pill, Geodon Pills, Inderal Pills, and Cogentine.

6. The Plaintiff complained to both Doctors Robinson and Weiss as well as Doctors Kho and Rahman that these medications were causing severe side effects, Blurred vision, including confusion, disorientation, skin rash,

[5]

memory impairment, visual hallucinations, nervousness, depression and urinary retention, and wild mood swings.

7. The Plaintiff was told that this was normal and that after awhile of taking these medications these side effects would go away, the Plaintiff alleges they only got worse.

8. Plaintiff alleges prior to his original sentence he only had to serve six years mandatory but due to Plaintiff being forced on psychotropic medications and tranquilizing injections the Plaintiff side effects of wild mood swings cause the Plaintiff to pick up new charges, an additional of 27 years incarceration time on separate incidents of charges.

9. The Plaintiff Being continually subjected to these medications constitutes cruel and unusual punishment in violation of the [8TH Amendment] to the United States Constitution.

10. Plaintiff Alleged Facts sufficient to show that Defendants have Been deliberately indifferent to a serious medical need. Plaintiff claims his allegation that Defendants have administered psychotropic drugs to him against his will.

11. Plaintiff wants to show forth claim, a mentally competent adult has a right under both the common law and the Fourteenth Amendment to Refuse medical treatment. Indeed,

[7.]

medical treatment to which the patient has not consented may constitute an assault. Brzoska v. Olson, 668 A.2d 1355, 1360 (Del. 1995) citing White v. Napoleon, 897 F.2d 103 (C.A. 3 (N.J.) 1990) and Prosser v. Keeton on Torts §§ 9, 18 (5th ed. 1984). Personnel constitute deliberate indifference.

12. Plaintiff Gillis first states medical malpractice by health care providers at D.C.C. did not treat him with the requisite standard of care, which they administered psychotropic medications to him against his will. Conspiracy to injure plaintiff, for example, one federal appeals court has held that treatment so grossly incompetent, inadquate, or excessive as to shock the conscience or so inappropriate as to evidence,

[8.]

intentional maltreatment violates the Eighth Amendment under the Constitution.

13. Health care providers and prison official need provide care only for serious medical needs evidence of recent traumatic injury has generally been sufficient to demonstrate a serious medical need a medical condition may also be serious which it is if it significantly affects an individuals daily activities. The substantive issue involves a definition of the protected constitutional interest. The states interest in combating the danger posed by a prisoner to both himself and others is greater than in a prison environment, which, by definition, is made up of persons with a demonstrated proclivity for,

anti social criminial, and often violent, conduct, that is not the case with Plaintiff when Prison Administrators have not only an interest in ensuring the safety of prison staffs and administrative personnel, if that was the case with Plaintiff being a threat he would be in a high security setting and isolated away from staff and administrative personnel as well as other prisoners.

14. Psychiatric treatment may not be used for disciplinary purposes, nor may Psychiatric treatment nor in any way where as the Plaintiff was the possibility of involuntary subjection to Psychiatric treatment constitute a deprivation of liberty requiring due process. This is true even if the mental hospital is part of the Correction Department.

[10.]

Based on the same reasoning, it has been held that subjection of all prisoners who have a mental and emotional state to be housed among the mentally ill as a behavior modification program, as of the Special Needs Unit.

15. Plaintiff alleges psychotropic medications and tranquilizing injections have serious life threatening, consequences as Gillis stated there side effects on paragraph 5 page 5 and 6. And staffs penological interest in following there policy results to such methods of using physical force on Gillis when he trys to refuse medical psychiatric treatment, Gillis has a right to non-consent psychiatric treatment protected by the Due Process Clause of the Fourteenth Amendment.

16. Gillis should NOT BE SANCTIONED disciplinary or discipline By the use of FORCE For EXERCISING His FOURTEENTH AMENDMENT Right. THESE Following HEALTH CARE providers WERE NOT EXERCISING pROFESSIONAL Judgment when They REFUSE To Tell Gillis The ingerdients And EFFECTS IT HAS ON THE mind And Body, They KNEW the CONTINEOUS INTAKE OF THESE MEDICATIONS WERE pOTENTIALLY HARMFUL. PROCEEDURES Which MAKE UNNECESSARY SuFFERING iNEVITABLE CONSTITUTE deliberate indifFERENCE. PRISON OFFICIALS MUST pROVIDE A medical STAFF THAT is COMPETENT TO EXAMINE PRISONERS AND diagNOSE illNESSES.

[12.]

17. However, one court has recently held that it is unconditional to inflict serious psychological pain on inmate to serve minor correctional concerns, routine and automatic security concerns, or pragmatic interests of lesser significance. The sheer number of specific instances in which the Doctors allegedly insisted on continuing courses of treatment that the Doctors knew were painful, ineffective or entailed substantial risk of serious harm to the Plaintiff, White v. Napoleon, 897 F.2d 103. Among these are the right to be free from unjustified intrusions into the body, Ingraham v. Wright, 430 U.S. 651, 673, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977),

18. The related right to refuse unwanted medical treatment, Rennie v. Klein, 653 F.2d 836, 844 (3d Cir. 1981) Rennie v. Klein, 653 F.2d 836, 843-44 (3d Cir. 1981), remanded, 458 U.S. 1119, 102 S.Ct. 3506, 73 L.Ed.2d 1381 (1982), on remand, 720 F.2d 266 (3d Cir. 1983) Due process right of person involuntarily committed to mental hospital; [See Exhibit 13] Bee v. Greaves, 744 F.2d 1387, 1392-94 (10th Cir.) Plaintiff allege that all following doctors were negligent. Plaintiff claims that his Fourteenth Amendment rights to Due Process and Equal Protection are being violated because of retaliation for which plaintiff is only exercising his First Amendment rights for which he was housed among mentally ill prisoners.

[14.]

19. The actual allegation of Plaintiff's Denial of law library. The Plaintiff Vurnis Gillis have been shown by the administration that most of his sentence that the alternatives of placing Plaintiff in physical restraints or seclusion from 1987 to 1997 would accommodate his rights to access the law library at cost to invalid penological interests because prison administration forced Plaintiff on psychotropic medications and tranquilizing injections which caused Plaintiff to have wild mood swings and the end result of such medications also cause Plaintiff to snap.

20. Paragraph #2, of the Amendment Complaint, these statement of facts are amended to reflect the identity and the actions of the defendants.

21. This Court should grant leave freely to amend a complaint Foman v. Davis 371 US 178, 182, 83 S.Ct 227 (1962) Interoyal Corp v. Sponseller, 889 F.2d 108, 112 (6th Cir), Cert. denied, 494 U.S. 1091 (1990).

Subscribed to before me this 12th day of October, 2005

Timothy J. Marts
(Notary Public)

my Commission expires: June 14, 2006

Respectfully submitted
Vurnis L. Gillis
Vurnis L. Gillis Pro-Se
Delaware Correctional Center
1181 Paddock Road
Smyrna, Del. 19977

Date 10-12-05

[16.]

IM/MR Vurnis L. Gillis
SBI# 00180180 UNIT Bldg. 23 D-Tier SNU upper #8
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570