IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VURNIS L. GILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 04-921-KAJ |
| v. | ) | |
| | ) | |
| | ) | |
| JUDGE CHARLES H. TOLIVER, IV, | ) | |
| STAN TAYLOR, PAUL HOWARD, | ) | |
| THOMAS CARROLL, ELIZABETH | ) | |
| BURRIS, LAWRENCE McGUIGEN, | ) | |
| CHARLES CUNNINGHAM, NFN | ) | |
| HOLMAN, EMILY STEVENSON, NMN | ) | |
| PORTER, MERISSA McFADDEN, | ) | |
| JOESEPH HODSON, JOHN DOE ONE, | ) | |
| JOHN DOE TWO, NMN WEISS, NMN | ) | |
| KHO, NMN ROBINSON, MARTHA | ) | |
| BOSTON, RICHARD SADOWSKI, | ) | |
| KEVIN HOFFECKER, DIANNE, | ) | |
| STACHOWSKI, JIM SIMMS, NMN | ) | |
| FEMME, NMN GWEN, CHAVON | ) | |
| DOTTINS, IGC LISE MERSON, JOHN | ) | |
| DOE THREE, MIKE LITTLE, ED | ) | |
| JOHNSON, NLN MARIA, TIMOTHY | ) | |
| MARTIN, BRIAN ENGREM, OSMAR | ) | |
| SAMANDER, JOHN DOE FOUR, | ) | |
| JOHN DOE SIX, JOHN DOE SEVEN, | ) | |
| BRENDA HOLWERDA, NMN RAMON, | ) | |
| JOHN DOE FIVE, | ) | |
| | ) | |
| Defendants. | ) | |

STATE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS

STATEMENT OF FACTS

1.      Plaintiff Vurnis L. Gillis ("Gillis" or "Plaintiff") is an inmate at Delaware

Correctional Center ("DCC").  He is proceeding *in forma pauperis* in this action and the

Court has ordered that counsel be appointed.

2.      Gillis is a diagnosed paranoid schizophrenic.  As treatment for his illness Gillis is prescribed various psychotropic medications.  (See Exhibit "A").

3.      Gillis was transferred to DCC from the Sussex Correctional Institution ("SCI").  While at SCI Gillis was considered an extreme harm to himself and others.  He had taken several inmates hostage and had attempted suicide on a number of occasions.  (See Exhibit "B").

4.      During his time at DCC Gillis continued to be violent towards other inmates, guards and staff.  Gillis has stabbed an inmate and made verbal and physical threats to the guards.  Moreover he has continued to attempt suicide.  Gillis's violent tendencies have been attributed to his mental illness as well as his refusal to take his medications.  (See Exhibit "C").

5.      Because of Gillis's non-compliance and his resulting violent behavior the Superior Court of Delaware in 1999 ordered that "Defendant be required to take medications and/or other treatments…" which he was directed to by the Forensic Evaluation Team of the Delaware Psychiatric Center.  (See Exhibit "D").

6.      Gillis is housed in DCC's Special Needs Unit ("SNU").  He continues to refuse at times to take his medication.

7.      On August 4, 2004, Gillis filed a Complaint initiating the above-captioned matter (the "Original Complaint").  Gillis alleged in his Complaint that the Defendants violated several of his constitutional rights and committed various torts against him.  On October 14, 2005 Gillis filed an Amended Complaint (the "Amended Complaint" and together with the Original Complaint, the "Complaints") adding additional defendants and further clarifying his allegations.

8.      On October 6, 2005, this Court reviewed Gillis's Complaint pursuant to 28 U.S.C. § 1915. (D.I. 23). The Court dismissed Plaintiff's claims against Judge Tolliver and also dismissed as frivolous Plaintiff's law library and access to court claims.

9.      On January 17, 2006, State Defendants Stanley Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, Lawrence McGuigan, David Holman ("NFN Holman"), Emily Stevenson, Ricky Porter ("NMN Porter"), Merissa McFadden, Jim Simms, Lise Merson, Mike Little, Edward Johnson, Maria Lyons ("NLN Maria"), Timothy Martin, Brian Engrem, and Osmar Sammander (together, the "State Defendants")[1] filed a Motion To Dismiss the Complaints (the "Motion to Dismiss") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"). This is the State Defendants' Memorandum Of Points And Authorities In Support Of State Defendants' Motion To Dismiss (the "Memorandum").

## MEMORANDUM OF LAW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss the Court asks whether, "'the facts alleged in the complaint, even if true, fail to support the ... claim.'" *Id.* (quoting *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). A court must grant a motion to dismiss where "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Incorporated*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, "a court need not credit a

---

[1]There is no indication that Defendants Charles Cunningham, Joseph Hodson, or John Doe Three have been served, waived service or waived their right to respond.

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Given that no set of facts support the claims in Gillis's Complaints the State Defendants' Motion to Dismiss must be granted.

I.      **THE ALLEGATIONS AGAINST STATE DEFENDANTS MIKE LITTLE, ED JOHNSON, NLN MARIA, TIMOTHY MARTIN, BRIAN ENGREM AND OSMAR SAMMANDER MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

        Plaintiff filed suit against State Defendants Mike Little, Ed Johnson, Maria Lyons ("NLN Maria"), Brian Engrem, and Osmar Sammander. State Defendant Little is the Legal Services Administrator for DCC. State Defendants Johnson, Maria, Engrem and Sammander all work as paralegals at DCC. In light of the fact that the law library and access to court claims were dismissed by this Court and given that Plaintiff's Complaints fail to allege any personal involvement on the part of these defendants, the claims against the aforementioned defendants must be dismissed for failure to state a claim.

        **A. Plaintiff's Law Library Claims Were Dismissed By This Court As Frivolous**

        On October 6, 2005, this Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. In its review of Gillis's claims alleging denial of access to law library materials and access to the courts the Court held,

> Gillis has not alleged facts to show that his lack of access to the law library has caused him any actual injury. Instead he simply states that 'failure to supply (sic) to law library materials is a denyal (sic) of court acess (sic).' Because Gillis has failed to allege any facts showing that he was actually injured by Defendant's alleged interference with his mail and by Defendants' alleged denial of access to the law library, Gillis's claim for denial of access to the court is

dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) – 1915A(b)(1).

Memorandum Order at 7 (D.I. 23).

As previously mentioned State Defendant Little is the Legal Services Administrator for DCC and State Defendants Johnson, Maria, Martin, Engrem, and Sammander all work as paralegals. Given that Gillis's only claims against these defendants appear to relate to the law library and access to courts and given that the Court has dismissed these claims as frivolous, the claims against State Defendants Little, Johnson, Maria, Martin, Engrem and Sammander must also be dismissed.

### B. Plaintiff's Complaint Fails To Allege Any Personal Involvement On the Part Of These Defendants

Plaintiff's Complaints name Little, Johnson, Maria, Martin, Engrem, and Sammander as defendants to the action. Aside from naming them as parties, however, Gillis fails to mention any personal involvement by these defendants in the violation of his rights. In fact, aside from naming these defendants as parties Gillis never mentions them again.

To establish a claim under section 1983 the plaintiff must prove that (1) the conduct complained of was committed by a person acting under color of state law and (2) that the plaintiff was deprived of a right or privilege secured by the Constitution or the law of the United States. *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985). Moreover plaintiff must show that the accused officials "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981).

In this case Plaintiff offers no proof that State Defendants Little, Johnson, Maria, Martin, Engrem or Sammander deprived him of his rights. Moreover aside from naming them as parties to the Complaint, Plaintiff makes no allegations of misconduct by these defendants. Therefore Plaintiff cannot support a claim against these defendants and the action against State Defendants Little, Johnson, Maria, Martin, Engrem and Sammander must be dismissed for failure to state a claim upon which relief may be granted.

## II.       THE ALLEGATIONS AGAINST STATE DEFENDANTS HOLMAN AND MERSON MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

In his Complaint, Gillis names State Defendants Holman and Merson as defendants to the action. Gillis, however, fails to mention any personal involvement by these defendants in the deprivation of his rights. Therefore the claims against State Defendants Holman and Merson must be dismissed for failure to state a claim.

To establish a claim under section 1983 the plaintiff must prove that (1) the conduct complained of was committed by a person acting under color of state law and (2) that the plaintiff was deprived of a right or privilege secured by the Constitution or the law of the United States. *Riley*, 777 F.2d at 145. Moreover plaintiff must demonstrate that the accused officials "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Porter*, 659 F.2d at 336.

In his Complaints, Gillis fails to make any allegations against Defendants Holman and Merson. Moreover Plaintiff fails to state that these defendants deprived him of any rights as a result of some alleged misconduct. As such no facts support Plaintiff's

claims with respect to State Defendants Holman and Merson and the actions against these defendants must be dismissed for failure to state a claim.

**III.      THE ALLEGATIONS AGAINST DEFENDANTS McFADDEN, PORTER AND STEVENSON MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

By his Original Complaint, Plaintiff alleges that State Defendants McFadden, Porter and Stevenson denied him "equal protection of the laws by segregating me to be housed among mentally ill for exercising my first amendment rights to petition the courts which rights are protected by due process." (Original Complaint at 13, ¶ 37). Plaintiff's claims against these defendants are without merit and must be denied for several reasons. First Plaintiff has failed to allege any personal involvement on the part of these defendants. Second Plaintiff cannot prove that he has been denied his right to due process. Third the Plaintiff's right to equal protection under the laws has not been violated. Finally the defendants have not retaliated against Gillis. As there are no set of facts that can support Plaintiff's Complaints against State Defendants McFadden, Porter and Stevenson, the claims against them must be dismissed.

**A. Plaintiff's Complaints Fail To Allege Any Personal Involvement By Defendants**

As stated earlier, to establish a claim under section 1983 the plaintiff must prove that (1) the conduct complained of was committed by a person acting under color of state law and (2) that the plaintiff was deprived of a right or privilege secured by the Constitution or the law of the United States. *Riley*, 777 F.2d at 145. Moreover plaintiff has to show that the accused officials "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Porter*, 659 F.2d at 336.

In this case Plaintiff's Complaints fail to show any causal link between the actions of State Defendants McFadden, Porter and Stevenson and the deprivation of his equal protection and due process rights.  Plaintiff never alleges that these defendants were in charge of segregating him or that they gave the decision to segregate him.  In fact, other than making the bald assertion that he was segregated, Plaintiff offers no further facts to support his claim.  In light of Plaintiff's failure to allege any personal involvement on the part of State Defendants McFadden, Porter and Stevenson in the deprivation of his rights, the claims against them must be dismissed.

### B.  **Plaintiff Has Not Been Denied His Right To Due Process**

Plaintiff claims that his due process rights have been violated by his being housed among the mentally ill.  "In order to establish a claim for violation of due process rights under the Fourteenth Amendment, a plaintiff must show that (1) a constitutionally protected liberty or property interest is in issue, and (2) the state utilized constitutionally deficient procedures in its deprivation of that interest."  *Jackson v. Brewington-Carr*, 1999 WL 27124, at *2 (D. Del. Jan. 15, 1999) (Exhibit "E").

In this case Gillis cannot establish that a constitutionally protected liberty interest is in issue.  The Delaware prison system does not "provide inmates with a liberty interest in remaining free from administrative segregation or from a particular classification within the prison system."  *Id*.  Thus Gillis has no due process right to be free from being housed in SNU or being classified as mentally ill.  Because Gillis has no constitutional right to be housed in the general population he cannot maintain a claim for violation of his due process rights and the actions against Defendants McFadden, Porter and Stevenson must be dismissed.

### C.  **Plaintiff's Equal Protection Rights Have Not Been Violated**

Plaintiff claims that Defendants McFadden, Porter and Stevenson have violated his equal protection rights by segregating him in the unit for the mentally ill. The Equal Protection Clause mandates that all persons similarly situated should be treated alike.  *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).

> A prison regulation does not violate the Equal Protection Clause so long as the classifications established by the regulation serve a legitimate government interest and are reasonably related to that end. … To establish a violation under the equal protection clause in the absence of a suspect classification, a plaintiff must show that there could be no rational basis for being treated differently from other similarly situated individuals.  The plaintiff bears the burden of proving that the prison regulation or policy at issue is not rationally related to the stated purpose.

*Allah v. Stachelek*, 1998 WL 281930, at *12 (E.D. Pa. May 29, 1998) (Exhibit "F") (citing *Lewis v. Casey*, 518 U.S. 343 (1996); *Brandon v. District of Columbia Board of Parole*, 734 F.2d 56, 60 (D.C. Cir. 1984)).

Prior to entering DCC Gillis was diagnosed as a schizophrenic.  (See Exhibit "A").  While at DCC Gillis has committed a number of offenses against other inmates and guards.  Moreover he has made at least one attempt at suicide.  (See Exhibit "C").  Based on these reasons Gillis was housed in the Special Needs Unit.  Thus in this case there is a rational basis for treating Gillis differently from the other inmates.  As such Gillis cannot support a claim for violation of equal protection rights.

### D.  **Plaintiff cannot prove that State Defendants McFadden, Porter and Stevenson retaliated against him**

Gillis claims that McFadden, Porter and Stevenson retaliated against him for exercising his First Amendment rights.  To make out a claim for retaliation Gillis must show, "(1) constitutionally protected conduct, (2) an adverse action by prison

officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).

Gillis cannot support a claim for retaliation. Gillis was not segregated in retaliation for exercising his constitutional rights. Rather Gillis was housed in SNU because of his mental illness and his violent behavior. Because there is no causal link between Gillis's placement in the Special Needs Unit and his exercising his First Amendment rights he cannot support a claim for retaliation. Therefore this claim must be dismissed.

Gillis's claims against State Defendants McFadden, Porter and Stevenson have no basis in law. Gillis has not been deprived of his constitutional rights by any of these defendants. Moreover Gillis's housing in the SNU is due to his mental illness and his violent behavior, not as a result of retaliation for exercising his constitutional rights. No set of facts support Plaintiff's actions against these defendants. Therefore the claims against McFadden, Porter and Stevenson must be dismissed.

**IV.       PLAINTIFF'S CLAIMS OF UNWANTED ADMINISTRATION OF PSYCHOTROPIC DRUGS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

Plaintiff contends in his Complaints that the State Defendants have violated his constitutional rights by administering psychotropic drugs to him against his will. The State Defendants contend that no set of facts show that Plaintiff's rights have been violated. As such Plaintiff's claim must be dismissed for failure to state a claim.

"The Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper,* 494 U.S. 210, 227 (1990). Thus forcing drugs on an inmate is permissible if the State can show a finding of "overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992).

Plaintiff has been diagnosed with schizophrenia. As treatment for schizophrenia Plaintiff has been prescribed various psychotropic drugs. (See Exhibit "A"). Plaintiff has refused his medication on several occasions. When the State has honored Plaintiff's request he has attempted to commit suicide and has been violent towards other inmates. (See Exhibits "B" and "C"). Therefore if Plaintiff is not given his medication he is a harm to himself and to others.

Moreover the Superior Court of Delaware has issued an order stating that Gillis must be forced to take his medication. (See Exhibit "D"). In light of Gillis's harm to himself and others when off of his medication and in light of the Superior Court's order, the State has an overriding justification to forcibly medicate Gillis. Therefore Gillis's claim must be dismissed.

## V.        PLAINTIFF'S CLAIMS OF DELIBERATE INDIFFERENCE MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

Gillis claims that the State Defendants have been deliberately indifferent to his medical needs by continuing to force him to take psychotropic drugs. To demonstrate a cognizable claim under the Eighth Amendment for deliberate indifference a prisoner must prove that, (1) the defendants were deliberately indifferent to his medical

needs and (2) that his medical needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). While the State Defendants concede that Gillis has serious medical needs, the State Defendants assert that they were not deliberately indifferent to these needs.

Gillis receives treatment for schizophrenia. His treatment has been determined by medical professionals to be the best course of action for his illness. (See Exhibits "B" and "C"). The State Defendants have not decided on the medication Gillis should receive nor have they denied him access to the medications he receives.

Moreover to the extent this Court finds that the State Defendants did help in deciding what course of treatment Gillis should receive, the United States Supreme Court has held that, "A medical decision … does not represent cruel and unusual punishment. At most it is medical malpractice, …." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Therefore deciding on the proper medications to treat Gillis's schizophrenia is not a violation of the Eighth Amendment.

Finally if Gillis is alleging that the State Defendants have violated the Eighth Amendment by continuing to force him to take medications against his will, the State Defendants assert that this does not demonstrate that they have been deliberately indifferent to his medical needs. Gillis is an extreme harm to himself and others when he does not take his medication. Therefore forcibly medicating him is, in fact, within his best interests, as well as the interests of those around him.

The State Defendants have not been deliberately indifferent to Gillis's medical needs. Therefore Gillis cannot support a claim for deliberate indifference and this claim must be dismissed.

- 12 -

VI.        PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS
           FOR ASSAULT AND BATTERY MUST BE DISMISSED FOR
           FAILURE TO STATE A CLAIM

Plaintiff contends that the Defendants committed the tort of assault and battery upon him by administering psychotropic drugs to him without his consent.  The State Defendants assert that they have never administered psychotropic drugs to the Plaintiff.  Therefore they have never offensively contacted or touched him in that manner.

"[T]he tort of battery is the intentional, unpermitted contact upon the person of another which is harmful or offensive."  *Brzoska v. Olson*, 668 A.2d 1355, 1360 (Del. 1995).  Plaintiff cannot prove the tort of assault and battery against the State Defendants because they do not administer the psychotropic drugs to the Plaintiff.  Only the medical and mental health staffs administer Plaintiff's medications.  In fact Plaintiff admits in his Complaint that the mental health staff administers his medications to him. (Original Complaint at 13, ¶ 36).  He further states in his requests for relief that he would like "a prohibitory injunction ordering the medical and mental health staff to imediately (sic) stop bringing psychotropic medications to the plaintiff."  (Original Complaint at 16, ¶ D).  Plaintiff never states that the State Defendants administered drugs to him.

The State Defendants do not administer Gillis's psychotropic medications to him.  Therefore the State Defendants have not made any contact or committed any offensive touching against the Plaintiff when it comes to the administration of his medications and Plaintiff cannot support a claim of assault and battery on these grounds.

VII.        **PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS FOR RETALIATION MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

Gillis claims that the State Defendants committed the tort of retaliation. As previously mentioned, to make out a claim for retaliation Gillis must show, "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'" *Mitchell*, 318 F.3d at 530 (quoting *Rauser*, 241 F.3d at 333).

Gillis cannot support a claim for retaliation. Gillis is not housed in SNU in retaliation for exercising his constitutional rights. Rather Gillis is in SNU as a result of his mental illness, his violent behavior and his continued non-compliance with doctor's orders. Because there is no causal link between Gillis's placement in the SNU and the exercise of his rights he cannot support a claim for retaliation. Therefore this claim must be dismissed.

VIII.       **PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS FOR CONSPIRACY TO INJURE MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

Plaintiff alleges that the State Defendants have conspired to injure him by administering psychotropic mediations to him against his will and committing other torts and civil rights violations. To prove a claim of civil conspiracy the Plaintiff must show, (1) a confederation or combination of two or more persons; (2) some unlawful act done in furtherance of the conspiracy; and (3) actual damage. *McLaughlin v. Copeland*, 455 F.Supp. 749, 752 (D. Del. 1978); *See also*, *AeroGlobal Capital Management, LLC v. Cirrus Industries, Inc.*, 871 A.2d 428, 437 n.8 (Del. 2005). "The gravaman of an action

- 14 -

in civil conspiracy is not the conspiracy itself but the underlying wrong which would be actionable absent the conspiracy." *McLaughlin*, 455 F.Supp. at 752.

Plaintiff cannot prove that the State Defendants committed any unlawful acts against him. As is evident by this Memorandum there is no independent tort to support conspiracy liability. Because the State Defendants have not committed any unlawful act against the Plaintiff there are no facts to prove a claim of conspiracy to injure. Therefore Plaintiff's claim must be dismissed.

**IX.      THE STATE DEFENDANTS ARE IMMUNE FROM LIABILITY FOR PLAINTIFF'S CLAIMS**

Plaintiff's Complaints seek to hold the State Defendants liable in their official, as well as their individual capacities. The State Defendants', however, are immune from such claims.

To the extent that Plaintiff seeks to hold the State Defendants liable in their official capacities for the alleged torts and/or State constitutional violations, the Doctrine of Sovereign Immunity bars such claims. *See* Del. Const. Art. I., Sec 9; *Doe v. Cates*, 499 A.2d 1175 (Del. 1985). The State Defendants here clearly acted without gross or wanton negligence. Moreover their actions arose out of, and in connection with the performance of official discretionary duties. 10 *Del. C.* § 4001. Thus the State Defendants are immune from Plaintiff's tort and State constitutional violations claims.

Further to the extent Plaintiff's Complaints name the State Defendants in their official capacities as to other claims the State Defendants are immune from liability under the Eleventh Amendment. The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). The United States

Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment, however, only a clear indication of Congress's intent to waive the state's immunity will produce this result. *Id.* No such clear intent can be found in 42 U.S.C. § 1983. In fact, Congress's intent appears to be to the contrary as the statute facially allows suits only to be brought against persons. 42 U.S.C. § 1983.

A suit against state officials in their official capacities is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, the State defendants in their official capacities are not "persons" for the purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, given this categorization, this Court lacks jurisdiction over the State Defendants in their official capacities, and the State Defendants are outside the class of persons subject to liability under 42 U.S.C. § 1983. Therefore dismissal is appropriate.

Moreover, Plaintiff cannot maintain an action against the State Defendants in their individual capacities pursuant to the doctrine of qualified immunity. Government officials performing discretionary functions are immune from liability for damages, provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is clearly established when, "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Furthermore, State defendants are entitled to qualified immunity where they acted in good faith, without gross or wanton negligence, in the performance of their discretionary

duties.  *Vick v. Haller*, 512 A.2d 249 (1986) (*aff'd in part and rev'd in part on procedural grounds*).  Thus the State Defendants are also immune from liability in their individual capacities.

Given that the State Defendants are immune from liability in their individual and official capacities Plaintiff's claims cannot be supported and the Complaints must be dismissed.

WHEREFORE, the State Defendants respectfully request that this Honorable Court dismiss Plaintiff's Original and Amended Complaints as it relates to Defendants Stanley Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, Lawrence McGuigan, David Holman ("NFN Holman"), Emily Stevenson, Ricky Porter ("NMN Porter"), Merissa McFadden, Jim Simms, Lise Merson, Mike Little, Edward Johnson, Maria Lyons ("NLN Maria"), Timothy Martin, Brian Engrem, and Osmar Sammander.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
        Attorney for the State Defendants

Dated: January 17, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on January 17, 2006, I caused a true and correct copy of the attached *State Defendants' Memorandum Of Points And Authorities In Support Of State Defendants' Motion To Dismiss* to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Vurnis L. Gillis
SBI #00180180
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400