Westlaw.

Not Reported in F.Supp.2d                                                                                                                                                  Page 1
Not Reported in F.Supp.2d, 1999 WL 27124 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Derrick L. JACKSON, Plaintiff,
v.
SHERESE BREWINGTON-CARR, Ralphael Williams, Joseph Reagan, William Hoosier, Audrey Kenny, and Dwayne Kinsey, Defendants.
No. Civ.A. 97-270-JJF.

Jan. 15, 1999.

Derrick L. Jackson, MPCJF, Wilmington, DE, plaintiff, pro se.
Allison L. Peters, Department of Justice, Wilmington, DE, for Sherese Brewington-Carr, defendant.
Allison L. Peters, (See above), for Ralphael Williams, defendant.
Allison L. Peters, (See above), for Joseph Reagan, Chief of Security, defendant.
Allison L. Peters, (See above), for William Hoosier, defendant.
Allison L. Peters, (See above), for Audrey Kenny, defendant.
Allison L. Peters, (See above), for Dwayne Kinsey, defendant.

OPINION

FARNAN, Chief J.
*1 Presently before the Court is a Motion For Summary Judgment (D.I.22) filed by Defendants, Sherese Brewington-Carr, Raphael Williams, Joseph Reagan, William Hoosier and Dwayne Kinsey. Plaintiff, Derrick L. Jackson, an inmate under the supervision of the Delaware Department of Correction, filed the instant action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges a substantive due process violation based on his arrest, prosecution, and institutional transfer resulting from his involvement in a physical altercation with another inmate while he was housed at the Multi-Purpose Criminal Justice Facility. In addition, Plaintiff alleges that his constitutional rights were violated when he lost his prison employment and was forced to sleep on a mattress on the prison floor. For the reasons set forth below, Defendants' Motion For Summary Judgment will be granted.

BACKGROUND

The allegations in Plaintiff's Complaint arise in connection with Defendants' response to an altercation between Plaintiff and another inmate. On June 28, 1996, Plaintiff and inmate James Price were involved in a heated argument, which escalated into a physical altercation. (D.I.2). According to the reports filed in connection with the investigation of the incident, Plaintiff and Price initially engaged in a fist fight. During the fight, Plaintiff threw a pot of hot coffee on Price causing him to sustain second degree burns on his neck, back, shoulder and lateral areas. (D.I.24, Ex. A). As a result of the incident, Plaintiff, after receiving medical treatment, was sent to administrative segregation.

Subsequently, Plaintiff was arrested and charged with a number of offenses, including assault in a detention facility. According to the Superior Court Criminal Docket for Plaintiff's criminal case, the attorney general filed a nolle prosequi, thereby withdrawing the State's prosecution of Plaintiff for the above-described incident. (D.I.24, Ex. D).

With respect to Plaintiff's instant civil action, Defendants filed an Answer and a Motion For Summary Judgment in response to Plaintiff's Complaint. Plaintiff failed to respond to Defendants' Motion, and the Court ordered Plaintiff to file an answering brief no later than December 4, 1998. (D.I.26). To date, Plaintiff has failed to file a response. Accordingly, the Court will proceed to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 1999 WL 27124 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

resolve Defendants' Motion based on the papers before it.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." A party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of the " pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Where, as here, the nonmoving party opposing summary judgment has the burden of proof at trial on the issue for which summary judgment is sought, he must then make a showing sufficient to establish the existence of an element essential to his case. If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catreet,* 477 U.S. 317, 322 (1986). Moreover, the mere existence of some evidence in support of the nonmoving party will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

### DISCUSSION

#### I. False Arrest and Malicious Prosecution

*2 In his Complaint, Plaintiff contends that Defendants violated his substantive due process rights when Plaintiff was arrested, prosecuted and institutionally transferred as a result of his altercation with inmate Price. In this regard, Plaintiff's Complaint can be reasonably and fairly construed as raising claims of false arrest and malicious prosecution.

It is well-established in this Circuit, that "the filing of criminal charges without probable cause and for reasons of personal animosity is actionable under § 1983." *Burt v. Ferresse,* 871 F.2d 14, 16 (3d Cir.1989). While a grand jury indictment or presentment is prima facie evidence of probable cause, such prima facie evidence may be rebutted by evidence that the indictment or presentment was procured by fraud, perjury or other corrupt means. *Rose v. Bartle,* 871 F.2d 331, 353 (3d Cir.1989).

According to the Superior Court docket for the criminal case commenced by the State against Plaintiff, an indictment was returned by the Grand Jury on August 5, 1996, charging Plaintiff with Assault in a Detention Facility, Offensive Touching, Promoting Prison Contraband, and Possession of a Deadly Weapon During the Commission of a Felony. (D.I.24, Ex. D). Under *Rose,* the Court concludes that this indictment is prima facie evidence that probable cause existed to arrest and prosecute Plaintiff. Thus, consistent with their initial burden on summary judgment, Defendants have set forth the basis for their motion and have identified evidence demonstrating the absence of a genuine issue of material fact.

Because Defendants have met their initial burden, the burden shifts to Plaintiff to set forth specific facts, by means of affidavits or other evidence, to illustrate that there is a genuine issue for trial. Specifically, with regard to Plaintiff's false arrest and malicious prosecution claims, Plaintiff must set forth evidence showing that the indictment was procured by perjurious, fraudulent or corrupt means. In this case, Plaintiff has not answered Defendants' Motion, and thus has not offered any facts, by means of affidavit or other evidence, to rebut Defendants' prima facie evidence of probable cause. Accordingly, the Court concludes that probable cause existed for the arrest and subsequent prosecution of Plaintiff, and therefore, Defendants' Motion For Summary Judgment on these claims will be granted.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                             Page 3
Not Reported in F.Supp.2d, 1999 WL 27124 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

### II. Transfer to Administrative Segregation

To the extent that Plaintiff contends that Defendants violated his due process rights by placing him in administrative segregation pending the investigation of the incident between Plaintiff and inmate Price, the Court will likewise grant summary judgment in favor of Defendants. In order to establish a claim for violation of due process rights under the Fourteenth Amendment, a plaintiff must show that (1) a constitutionally protected liberty or property interest is in issue, and (2) the state utilized constitutionally deficient procedures in its deprivation of that interest. *Board of Regents v. Roth,* 408 U.S. 564 (1972). This Court has repeatedly determined that the applicable statutes and regulations governing the Delaware prison system do not provide inmates with a liberty interest in remaining free from administrative segregation or from a particular classification within the prison system. *See e.g. Blizzard v. Watson,* 892 F.Supp. 587, 597 (D.Del.1995); *Carrigan v. State of Delaware,* 957 F.Supp. 1376, 1385 (D.Del.1997) (holding that prisoner has no constitutionally protected interest in particular classification and collecting cases). Thus, prison officials may transfer a prisoner to administrative segregation for any reason, or no reason, so long as the reason is not based on race, religion, or the exercise of a protected free speech right. *Id.* Because Plaintiff has no constitutionally protected interest in a particular classification or placement within the prison system, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's claim that his transfer to administrative segregation violated his due process rights.

### III. Loss of Employment

*3 In his Complaint, Plaintiff next contends that the loss of his prison employment violated his constitutional rights. Like his claim regarding his transfer to administrative segregation, Plaintiff must establish that he has a protected property or liberty interest in prison employment in order to state a cognizable claim that the loss of his employment violated his due process rights. Examining this issue, the Delaware state courts have repeatedly held that no relevant Delaware statutes create a property or liberty interest in prison employment. *See e.g. Dutton v. Watson,* 1994 WL 164486,*3 (Del.Super.Ct.1994), *aff'd,* 649 A.2d 227 (Del.1994). Agreeing with the state courts, this Court has concluded that prison employment is a discretionary opportunity, and therefore, an inmate has no entitlement to a job while in prison. *Abdul-Akbar v. Department of Corrections,* 910 F.Supp. 986 (D.Del.1995) (holding that inmate failed to state a claim for violation of due process where inmate was summarily fired from prison job, because inmates have no constitutional right to gainful employment). Because Plaintiff has no property or liberty interest in his employment, Plaintiff cannot, as a matter of law, state a cognizable claim for violation of due process based upon the loss of his prison employment. Accordingly, the Court will grant Defendants' Motion For Summary Job with respect to this issue.

### IV. Conditions of Confinement

Lastly, Plaintiff contends that his Eighth Amendment rights were violated when he was required to sleep on the prison floor. Numerous courts in this circuit have recognized the unfortunate circumstances incident to prison overcrowding and have confronted the issue of inmates being forced to sleep on the floor. *See e.g. Randall v. City of Philadelphia,* 1987 WL 14383 (E.D. Pa 1987); *Huttick v. Philadelphia Prison System,* 1986 WL 10558 (E.D.Pa.1986) (collecting cases). Where confinement to the floor is temporary due to the inavailability of bed space, such confinement does not rise to a constitutionally impermissible level. *See e .g. Lawrence v. Owens,* 1987 WL 12753,*1 (E.D.Pa.1987).

Although Plaintiff does not specifically state the length of time he was required to sleep on the floor, a memorandum written by prison officials in response to Plaintiff's grievance indicates that the measure was temporary and that Plaintiff was to be transferred to a cell as soon as bed space became available. (D.I.24, Ex. E). Plaintiff has offered no evidence to rebut Defendants' evidence that Plaintiff's confinement to the floor was a temporary

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                           Page 4
Not Reported in F.Supp.2d, 1999 WL 27124 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

measure. Thus, the Court concludes that Plaintiff's temporary confinement to the prison floor did not rise to the level of a constitutional violation. Accordingly, the Court will grant Defendant's Motion For Summary Judgment.

CONCLUSION

For the reasons discussed, Defendant's Motion For Summary Judgment will be granted.

An appropriate Order will be entered.

D.Del.,1999.
Jackson v. Sherese Brewington-Carr
Not Reported in F.Supp.2d, 1999 WL 27124 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:97CV00270 (Docket) (May. 28, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.