IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

VURNIS L. GILLIS,                  )
                                   )
            Plaintiff,             )
                                   )
      v.                           )  Civ. No. 04-921-KAJ
                                   )
JUDGE CHARLES H. TOLIVER,          )
et al.,                            )
                                   )
            Defendant(s).          )

## MEMORANDUM ORDER

Plaintiff, Vurnis L. Gillis, ("Gillis") is a *pro se* litigant incarcerated at the Delaware

Correctional Center (DCC), in Smyrna, Delaware. Gillis moves the court for a

temporary restraining order (D.I. 22) to preclude the defendants from forcing him to take

psychotropic medications.

Gillis' bases for injunctive relief are that the psychotropic medications put him in

imminent danger of serious physical injury, that the medications are being wrongly used

for disciplinary purposes, and that he has not demonstrated a proclivity for antisocial,

criminal or violent conduct.

When considering a motion for a temporary restraining order or preliminary

injunction, a plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2)

denial will result in irreparable harm; (3) granting the injunction will not result in

irreparable harm to the defendants; and, (4) granting the injunction is in the public

interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction

may not be used simply to eliminate a possibility of a remote future injury, or a future

invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359

(3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir.1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

The court agrees that the allegations made by Gillis are serious. The state defendants, however, have moved to dismiss Gillis's complaint (D.I. 67, 68, 69), and, in doing so, they have submitted several exhibits, including medical records and reports. A review of those exhibits shows that in 1999 the state court ordered that Gillis be evaluated and treated at the Delaware Psychiatric Center for his mental illness. Upon receiving maximum benefit from the evaluation and treatment, he was ordered returned to the custody of the Department of Correction. The order requires Gillis to take medications and/or treatment as directed by the Forensic Evaluation team.

A medical report indicates that as of 2002 Gillis had a significant history of mental illness, diagnosed with severe, persistent and pervasive signs and symptoms of paranoid schizophrenia. A psychiatric evacuation from 2002 indicates that Gillis was "well known to be non-compliant" with his psychotropic medications, a concern inasmuch as he is potentially a danger to himself and others "if medications are not set correctly". Additionally, Gillis has chronic suicidal ideations and, on one occasion, was almost successful in a suicide attempt. Finally, the records indicate that during his incarceration Gillis has had a history of violent incidents.

Given the exhibits submitted to the court, Gillis has not demonstrated the likelihood of success on the merits. Notably, Gillis merely alleges that the medications at issue place him in imminent danger of serious physical injury, yet the medical records

2

and reports support an opposite conclusion.  Other than his allegations, Gillis provides

nothing to the court to demonstrate irreparable harm.

Gillis has neither demonstrated the likelihood of success on the merits, nor has

he demonstrated irreparable harm to justify the issuance of a temporary restraining

order.  Therefore, the motion for a temporary restraining order is (D.I. 22) is **DENIED**.

UNITED STATES DISTRICT JUDGE

January 25, 2006
Wilmington, Delaware

3