IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VURNIS L. GILLIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action. No. 04-921-KAJ |
| v. | ) | |
| | ) | |
| STAN TAYLOR, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFFS' ANSWERING BRIEF
IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS

Zhun Lu, Esquire (#4427)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141
Attorneys for Plaintiffs

Dated: September 25, 2006

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS ............................................................. 3

II. SUMMARY OF ARGUMENT .................................................................................. 4

III. STATEMENT OF FACTS ......................................................................................... 7

IV. ARGUMENT .............................................................................................................. 8

    1. Plaintiff's Pleaded Allegations That The Named Defendants Forcibly Administered Psychiatric Medications Against His Will Must Be Accepted As True. ................................................................................................. 8

    2. Plaintiff Has Adequately Pleaded a Claim That He Was Subjected to Improper Administration of Psychotropic Drugs ........................................ 9

    3. Plaintiff Adequately States a Claim for Deliberate Indifference to His Mental Health ............................................................................................. 10

    4. State Defendants Authorized and Implemented the Forced Administration of Drugs on Plaintiff and Thus Are Liable for Assault and Battery ......... 10

    5. State Defendants Improperly Retaliated Against Plaintiff for Acting Out in Response to His Mental Conditions Precipitated By Defendants Action. 11

    6. The Forced Medication on Plaintiff Involved Multiple Defendants in a Coordinated Fashion .................................................................................. 12

    7. Defendants Are Not Entitled to Qualified Immunity Because Alleged Forced Medication on Plaintiff Was in Bad Faith, with Gross or Wanton Negligence ................................................................................................. 12

V. CONCLUSION ......................................................................................................... 14


# TABLE OF AUTHORITIES

**Cases**

*Conley v. Gibson*,
  355 U.S. 41 (1957) .................................................................................................... 8

*Cruz v. Beto*,
  405 U.S. 319 (1972) .................................................................................................. 8

*Hafer v. Melo*,
  502 U.S. 21 (1991) .................................................................................................. 13

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) ................................................................................................ 12

*Mitchell v. Horn*,
  318 F3d 523 (3d Cir. 2003) ..................................................................................... 11

*Riggins v. Nevada*,
  504 U.S. 127 (1992) .................................................................................................. 9

*Vick v. Haller*,
  512 A.2d 249 (1986) ............................................................................................... 12

**Statutes**

42 U.S.C. §1983 ........................................................................................................ 12, 13

**Rules**

Fed. Rule Civ. Proc. 26(b) ............................................................................................. 11

I.   NATURE AND STAGE OF PROCEEDINGS

This action was initiated by Vurnis L. Gillis acting as a pro se plaintiff with a handwritten Complaint on August 4, 2004 (D.I. 2). The Complaint alleged many violations of Plaintiff's civil rights by numerous (over 30) defendants.

In an October 6, 2005 Memorandum Order, this Court addressed several of Plaintiff's allegations and concluded some were frivolous but others were not. Underlying those claims found not to be frivolous is the central issue in this case, i.e., the forced administration of psychotropic drugs by one or more defendants (see pages 4-12 of October 6, 2005 Memorandum Order D.I. 23).

The October 6, 2005 Order dismissed several Defendants (Judge Toliver and John Does) from the case (D.I. 23, pp. 11-12). The Order also granted Plaintiff's Motion to Amend the Original Complaint and Appoint Counsel. Plaintiff filed his Amended Complaint on October 14, 2005 (D.I. 25), which detailed the history of Defendants' forced administration of psychotropic drugs on Plaintiff starting in 1987 (See ¶5 of Amended Complaint (D.I. 25, page 5)). The Amended Complaint (¶6-9) also detailed the consequences of this drug administration, i.e., it caused erratic behavior by Plaintiff that netted him <u>27 extra years of incarceration.</u>

Prior to appointment of counsel pursuant to the October 6, 2005 Order, the State Defendants filed their Motion to Dismiss (D.I. 66). The Court appointed the undersigned as Plaintiff's counsel on May 3, 2006 (D.I. 79). After interviewing Plaintiff, the undersigned served Defendants' counsel a Request for Production on June 30, 2006 (D.I. 83)[1] seeking documents pertinent to Plaintiff's claims of forced administration of

---

[1] The Request was entered into the CM/ECF system on July 24, 2006.

488479                                3

psychotropic drugs starting in 1987. As detailed below (infra page 8) no requested medical records were produced by Defendants for the critical 1987-1996 period.

This is Plaintiff's belatedly filed Brief in Opposition to State Defendants' Motion to Dismiss ("State's Motion") and supporting Memorandum of Points and Authorities ("State's Memo" – D.I. 67). Plaintiff's Brief is severely hampered by the failure of Defendants to provide requested discovery. This may necessitate a separate Motion to Compel.

Plaintiff's counsel regrets the oversight which necessitated the Court's Order to Show Cause (D.I. 85). In the process of recovering the voluminous court files after the appointment, the State's Motion was overlooked.

## II.   SUMMARY OF ARGUMENT

1. Defendants seek dismissal of named Defendants and claims, yet deny Plaintiff the discovery needed to prove those claims against Defendants. Defendants cannot avoid liability by withholding legitimate discovery pertinent to Plaintiff's claim.

2. Part I of State's Memo (D.I. 67, pp. 4-5). Plaintiff does not contest dismissal of Defendants Mike Little, Ed Johnson, Maria Lyons ("NLN Maria"), Timothy Martin, Brian Engrem, and Osmar Sammander, as these individuals played no apparent role in forced administration of drugs between 1987 and 1996.

3. Part II of State's Memo (D.I. 67, pp. 6-7). Plaintiff similarly agrees to dismiss Defendants Holman and Merson from the case without prejudice to their being rejoined as defendants if the missing discovery responses indicate their involvement in the forced administration of drugs to Plaintiff.

4. Part III of State's Memo (D.I. 67, pp. 7-10). Defendant's Motion to Dismiss the allegations against McFadden, Porter and Stevenson should be denied. Porter and Stevenson are lieutenants at the Delaware Correction Center and hold supervisory roles (D.I. 2, p. 5). McFadden is a counselor at the Center and holds a role of counseling inmate concerns (D.I. 2, p. 5). These defendants are involved in the daily operations of the Correction Center where the alleged improper forced medication took place from 1987 to 1996. Because Defendants failed to produce pertinent documents to show otherwise, claims against McFadden, Porter and Stevenson must not be dismissed.

5. Part IV of State's Memo (D.I. 67, pp. 10-11). Defendant's Motion to Dismiss Plaintiff's claims of unwanted administration of psychotropic drugs must be denied. In a motion to dismiss, Plaintiff's pleaded claims of forced administration of psychotropic drugs must be taken at face value. Moreover, Defendant's refusal to provide needed discovery on this issue forecloses dismissal of the claims.

6. Part V of State's Memo (D.I. 67, pp. 11-12). Defendants' Motion to Dismiss Plaintiff's claims of deliberate indifference must be denied. Similarly as above, Plaintiff alleges improper forced medication from about 1987 to about 1996. Such improper forced medication over an extensive period of time resulting in serious injuries would qualify as deliberate indifference (see the Court's October 6, 2005 Order – D.I. 23, pp5-6 and 8).

7. Part VI of State's Memo (D.I. 67, p. 13). Defendants' Motion to Dismiss Plaintiff's claims of assault and battery must be denied. Plaintiff alleges that the named mental health staff at the Correction Center improperly forced psychotropic drugs on him starting in 1987. The medical staff members are under the aegis of, and supported by,

Defendants. Plaintiff has been denied discovery as to actors in the forced medication and the role played by State Defendants. Defendants therefore cannot avoid liability by avoiding discovery.

8.    Part VII of State's Memo (D.I. 67, p. 14). Defendants' Motion to Dismiss Plaintiff's claims of retaliation must be denied. Plaintiff's Amended Complaint alleges that he was improperly medicated since about 1987 and he was housed in the Special Needs Unit ("SNU") as retaliation for his resistance to the forced administration of those drugs (D.I. 25, pp. 10-12). This pleaded allegation must be accepted as true. The State's Motion to the contrary must therefore be denied.

9.    Part VIII of State's Memo (D.I. 67, pp. 14-15). Defendants' Motion to Dismiss Plaintiff's claims of conspiracy to injure must be denied. Plaintiff alleges that the improper administration of medication involved many medical and prison staff members and lasted many years. This allegation of conspiracy, as pleaded, cannot be vitiated on a Motion to Dismiss.

10.   Part IX of State's Memo (D.I. 67, pp. 15-17). Defendants' Motion to Dismiss Plaintiff's claims based on qualified immunity must be denied. As pleaded, Plaintiff's claims allege intentional administration of drugs against his will without proper cause. That is clearly wanton and willful conduct that transcends any qualified immunity claims by Defendants.

III.   **STATEMENT OF FACTS**

The Court appointed counsel for Plaintiff on May 3, 2006 (D.I. 79). On May 5, 2006, Plaintiff signed an authorization for releasing his medical records to his counsel (Exhibit A). On the same day, the authorization was forwarded to Defendants' counsel via email (Exhibit B).

On May 9, 2006, Defendants' counsel provided some medical records. Upon reviewing the records, the undersigned realized the records were incomplete. On June 15, 2006, the undersigned notified Defendants' counsel of this finding and requested additional records (Exhibit C). But none was forthcoming.

On June 30, 2006, Plaintiff's counsel filed the First Request for Documents from Defendants specifically requesting production of medical records relating to Plaintiff's medical treatment from about 1986 to about 2000 (D.I. 83, Exhibit D).[2] On August 15, 2006, Defendants again produced partial medical records (Bates No. D00001-D00594). On August 18, 2006, Defendants produced a small number of additional documents (Bates No. D00595-D00620).

The documents produced so far cover only Plaintiff's treatment from about 1995 to about 2005. The 1995 medical records consist of only one half-page entries regarding Plaintiff's asthmatic attack, heartburn, and toe problems (Bates No. D00372).

The produced documents also indicate that Plaintiff was routinely on psychotropic medication (e.g., Haldol and/or Cogentin) as early as January 1996 (Bates No. D00322 and D00386-00391). However, the produced documents <u>do not contain any evidence as to why Plaintiff was put on such a psychotropic medication</u>. Most importantly, the

---

[2] The Request was served on Defendants' counsel on June 30, 2006 and entered the CM/ECF system on July 24, 2006.

produced documents do not contain any evidence as to why Plaintiff was involuntarily forced to take psychotropic medication from 1987 onward as alleged in the original Complaint and Amended Complaint.

Further efforts to obtain Plaintiff's medical records from other sources have been equally unsuccessful. More specifically, on August 28, 2006, Plaintiff's counsel served a Subpoena to the Delaware Psychiatric Center requesting production of current and past medical/psychiatric records on Plaintiff. The subpoena was returnable on September 17, 2006. As of this writing, no documents have been produced.

## IV.   ARGUMENT

**1. Plaintiff's Pleaded Allegations That The Named Defendants Forcibly Administered Psychiatric Medications Against His Will Must Be Accepted As True.**

In deciding a motion to dismiss a complaint, the Court must accept as true all allegations in the complaint. *Cruz v. Beto*, 405 U.S. 319, 322, (1972). In addition, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). This is admitted by Defendants (State's Memo, p. 3).

Defendants generally attempt to blunt this procedural obstacle with the argument that the Complaint nevertheless must be dismissed as to some Defendants because Plaintiff has failed to provide a detailed account of how each Defendant violated Plaintiff's civil rights (State's Memo, pp. 7-10).

Plaintiff has alleged that these defendants are officials at the Correction Center having supervisory, security, medical and mental health care, and counseling roles (D.I.

2, pp. 3-8). These defendants are involved in the daily operations of the Correction Center including, but not limited to, alleged forced medication on Plaintiff and housing of Plaintiff in SNU.

The Amended Complaint also explains why chapter and verse of each Defendant's actions cannot be detailed. More particularly, it notes that Plaintiff has not had "access to the Plaintiff's Institutional Files and Records" (D.I. 25, ¶1). Defendants have compounded Plaintiff's pleading practice by denying him discovery of those documents.

Therefore, Defendants' denial of Plaintiff access to information to confirm actions of named Defendants should not be a cause for dismissal.

2. **Plaintiff Has Adequately Pleaded a Claim That He Was Subjected to Improper Administration of Psychotropic Drugs**

The State's Memo (pp. 10-12) adopts a "Back to the Future" argument to avoid liability for forcing Plaintiff to take psychotropic drugs. It focuses on Plaintiff's diagnosis and treatments from 1999 to 2005 (See Exhibits A-D of State's Memo). But the pleaded issue is forced administration of these drugs starting in 1987 (See Original Complaint, D.I. 2 at ¶ 27, Amended Complaint, D.I. 25 at ¶5,).

This Court must accept these pleadings at face value (supra, p. 10). It is clear that the pleaded forced administration of unwanted, dangerous drugs starting in 1987 states a valid – indeed a compelling – cause of action. Plaintiff's interest in avoiding involuntary administration of psychotropic drugs is protected under the Fourteenth Amendment's Due Process Clause. *Riggins v. Nevada*, 504 U.S. 127, 134 (1992) ("The forcible injection of medication into a nonconsenting person's body [...] represents a substantial interference with that person's liberty.").

The State's Memo offers no evidence – or even argument – that the 1987 et seq forced administration of drugs was justified by a competent medical diagnosis of mental illness. Indeed, the non-response to Plaintiff's discovery regarding his treatment from 1987 to 1996 suggests otherwise. As such, this portion of the State's Motion must be denied.

3. **Plaintiff Adequately States a Claim for Deliberate Indifference to His Mental Health**

Plaintiff alleges that he arrived in Defendants' care as a healthy prisoner but shortly thereafter became a menace to himself and others because of the drugs Defendants forced him to take (e.g., Haldol injection and pills, Geodon pills, Inderal pills, and Cogentin). This Court has already determined that Plaintiff's allegations of improper forcible administration of drugs against his will, once proven, constitute deliberate indifference (see D.I. 23, pp. 5-6).

Defendants attempt to blunt this fundamental legal precept (State's Memo, p. 12), once again, focuses on the result of their actions (diagnosis of schizophrenia) while ignoring their own actions in causing that disease. Plaintiff's pleadings allege that Defendants' forcible administration of psychotropic medications starting in 1987 caused him grievous harm, namely, mental illness and 27 years of extra prison confinement. That is a valid and compelling claim that should not be dismissed.

4. **State Defendants Authorized and Implemented the Forced Administration of Drugs on Plaintiff and Thus Are Liable for Assault and Battery**

State Defendants attempt to avoid liability for assault and battery on Plaintiff by laying blame on the medical and mental health staffs in the prison they operate.

Even if State Defendants did not administer the medication personally, the medical and mental health staffs of the Correction Center, who did so, were under the aegis of, and supported by, State Defendants.

Moreover, Plaintiff is entitled to discovery concerning the State Defendants' actions against him during the critical period of 1987 and 1996. State Defendants cannot avoid liability by hiding the very documentation of their actions during this period. Civil litigants in federal court are entitled to discovery of relevant documents as matter of ordinary course. See Fed. Rule Civ. Proc. 26(b).

### 5.  State Defendants Improperly Retaliated Against Plaintiff for Acting Out in Response to His Mental Conditions Precipitated By Defendants Action

Under the authority cited in the State's Memo (D.I. 67, p. 14), Plaintiff clearly has presented a claim of retaliation. See D.I. 23, p. 9 and *Mitchell v. Horn*, 318 F3d 523 (3d Cir. 2003). More particularly, he has pleaded:

  a. Constitutionally protected conduct -- he is constitutionally protected from unwanted, unnecessary administration of medications (D.I. 25, ¶11);

  b. An adverse action by prison officials -- placement in SNU because of his resistance to forced medication (D.I. 25, pp 10-12);

  c. A causal link between (a) and (b) -- forced administration of drugs caused the behaviors that landed him in the SNU.

Thus, a cause of action for retaliation has been sufficiently pleaded. Dismissal should not be granted.

6. **The Forced Medication on Plaintiff Involved Multiple Defendants in a Coordinated Fashion**

As pleaded in Plaintiff's Complaint, the alleged improper medication involved multiple prison staff and medical/mental health staff at the Correction Center for many years in a coordinated fashion. As a result, Plaintiff alleges, he suffered serious injuries including 27 years added to his prison terms.

Such a pleading of coordinated action by multiple defendants resulting in Plaintiff's injury satisfies the required conspiracy elements as cited in Defendants' Memo (D.I. 67, p. 14). Defendants' Motion to Dismiss must be denied.

7. **Defendants Are Not Entitled to Qualified Immunity Because Alleged Forced Medication on Plaintiff Was in Bad Faith, with Gross or Wanton Negligence**

State Defendants contend that they are protected under sovereign and qualified immunity. Plaintiff does not wish to contest sovereign immunity with respect to Defendants that have been named at this time. However, State Defendants' Motion to Dismiss based on qualified immunity should be denied.

Government officials performing discretionary functions enjoy qualified immunity from civil damages for liability only if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). State Defendants are entitled to qualified immunity if they acted in good faith, without gross or wanton negligence, in the performance of their discretionary duties. *Vick v. Haller*, 512 A.2d 249 (1986) (*aff'd in part and rev'd in part on procedural grounds*). The Supreme Court specifically has held that state officials sued in their individual capacities are "persons" within the meaning 42 U.S.C. §1983 and are not absolutely immune from personal liability under

§1983 solely by virtue of the "official" nature of their acts. *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

In the present case, State Defendants failed to produce medical records to show that the forced medication during the critical period was proper. Without medical evidence to the contrary, State Defendants would have acted in bad faith, with gross or wanton negligence. Defendants are liable even if their actions were "official" by nature.

State Defendants' Motion to Dismiss Plaintiff's claims based on qualified immunity must be denied.

## V. CONCLUSION

Plaintiff does not contest dismissal of Defendants Mike Little, Ed Johnson, Maria Lyons ("NLN Maria"), Timothy Martin, Brian Engrem, Osmar Sammander, Holman and Merson.

Plaintiff respectfully requests this Honorable Court to deny Defendants' Motion to Dismiss Plaintiff's claims against the remaining defendants.

The asserted basis for dismissal is either failure to state a claim or immunity. Despite repeated efforts to discover pertinent medical records by Plaintiff's counsel, Defendants have not produced any medical evidence that the alleged forced medication on Plaintiff during the critical period of about 1987 to about 1996 was proper.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

 /s/ Zhun Lu
Zhun Lu, Esquire (#4427)
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899
(302) 888-6207
zl@cblh.com

Attorneys for Plaintiffs

Dated: September 25, 2006