IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **VURNIS L. GILLIS,** )<br>)<br>**Plaintiff,** )<br>)<br>) | |
| v. ) | Civil Action No. 04-921-KAJ |
| )<br>)<br>**STAN TAYLOR, et al.,** )<br>)<br>**Defendants.** ) | |

STATE DEFENDANTS' REPLY MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT
OF STATE DEFENDANTS' MOTION TO DISMISS

STATEMENT OF FACTS

1. Plaintiff Vurnis L. Gillis ("Gillis" or "Plaintiff") is an inmate currently housed at the Delaware Psychiatric Center. At the time of the filing of his Complaint Gillis was incarcerated at the Delaware Correctional Center ("DCC"). Plaintiff is proceeding *in forma pauperis* in this action.

2. On October 6, 2005, the Court ordered the appointment of counsel for Gillis. (D.I. 23). Approximately seven months later, on May 3, 2006, the Court recognized the agreement of representation by Zhun Lu on behalf of the Plaintiff. (D.I. 79).

3. Gillis filed a Complaint initiating the above-captioned matter on August 4, 2004 (the "Original Complaint") (D.I. 2). Gillis alleges in his Complaint that the Defendants violated several of his constitutional rights and committed various torts against him. Most of Gillis's allegations stem from his belief that he is being unnecessarily forced to take psychotropic medications. On October 14, 2005, Gillis filed

an Amended Complaint (the "Amended Complaint" and together with the Original Complaint, the "Complaints") (D.I. 25) adding additional defendants and further clarifying his allegations.

4.  In response to the Complaints, on January 17, 2006, State Defendants Stanley Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, Lawrence McGuigan, David Holman ("NFN Holman"), Emily Stevenson, Ricky Porter ("NMN Porter"), Merissa McFadden, Jim Simms, Lise Merson, Mike Little, Edward Johnson, Maria Lyons ("NLN Maria"), Timothy Martin, Brian Engrem, and Osmar Sammander (together, the "State Defendants")[1] filed a Motion To Dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss") (D.I. 66) and a Memorandum Of Points And Authorities In Support Of State Defendants' Motion To Dismiss (the "Opening Brief") (D.I. 67-69).

5.  The State Defendants demonstrated in their Opening Brief that Gillis is a diagnosed paranoid schizophrenic who is prescribed various psychotropic medications for treatment of his illness. Gillis has at times refused to take his medications which has resulted in his exhibition of violent behavior that has resulted in injury to himself and others. In 1999, the Superior Court of Delaware ordered that Gillis be required to take his medications and/or other treatments. Records obtained after the State Defendants filed their Opening Brief reveal that the Superior Court again ordered that Gillis be forced to take his medication in 2001. (See Exhibit "A"). By the Opening Brief the State Defendants have proven that Gillis does not have viable claims against them and that the action should be dismissed.

---

[1]There is no indication that Defendants Charles Cunningham, Joseph Hodson, or John Doe Three have been served, waived service or waived their right to respond.

6. On May 4, 2006, counsel for Gillis sent an e-mail to counsel for the State Defendants requesting access to Gillis's medical records. (See Exhibit "B"). Five (5) days after the request, on May 9, 2006, counsel for the State Defendants sent Plaintiff's counsel copies of Gillis's available medical files. (See Exhibit "C").

7. On June 15, 2006, Plaintiff's counsel sent counsel for the State Defendants a letter stating that he had received copies of Gillis's medical files but needed additional medical records dating from 1986 through the mid 1990s. (See Ans. Br. at Exhibit "C"). Approximately two weeks after his second request, Plaintiff's counsel sent counsel for the State Defendants the Request for Production of Documents. (See D.I. 83 and Ans. Br. at Exhibit "D").

8. In late July, early August 2006, counsel for the State Defendants contacted employees of Correctional Medical Services to request copies of Gillis's entire medical file. (See Exhibit "D" at ¶ 2). On or about August 3, 2006, counsel for the State Defendants received from CMS a copy of all of Gillis's available medical records. A review of the medical records revealed that the copies did not contain all of the documents requested by Plaintiff's counsel. Counsel for the State Defendants then contacted the CMS Medical Records Department at DCC and spoke with Latisha Johnson. (See *Id.* at ¶ 4). Ms. Johnson informed counsel for the State Defendants that she had mailed a copy of all of Gillis's available medical records. Ms. Johnson agreed, however, to search through the files again to determine if there were any additional documents that she had not mailed. (*Id.* at ¶¶ 5-7).

9. After her search, Ms. Johnson contacted counsel for the State Defendants and informed her that the mailed copies had, in fact, contained all of Gillis's available

medical files and that there were no records in Gillis's medical files from 1986 to the mid 1990s. (*Id.* at ¶ 8).

10. On August 15, 2006, State Defendants responded to Plaintiff's Request for Production of Documents. (See D.I. 84 and Exhibit "E"). State Defendants objected to each of Plaintiff's Requests. Despite the objections, State Defendants produced to Plaintiff over 600 pages of documents, including all of the medical files that had been sent by Ms. Johnson.[2]

11. Shortly after State Defendants' production, but prior to the filing of the Answering Brief, counsel for Gillis called State Defendants' counsel again requesting medical documents for Gillis dating from 1986 to the mid 1990s. Counsel for the State Defendants informed Plaintiff's counsel that she had spoken with the medical provider at DCC and was told that she had been given a copy of all of Plaintiff's available medical files and that they did not have medical records from 1986 to the mid-1990s. Therefore Plaintiff's counsel was aware that he had been given all of Gillis's available medical records prior to the filing of the Answering Brief.

12. On May 30, 2006, Gillis was involuntarily committed to the Delaware Psychiatric Center. At a hearing to determine the need for the involuntary confinement, the Commissioner found that Gillis has schizophrenia and is paranoid, delusional and violent. (See Exhibit "F" at ¶ 1). The Commissioner also found that,

> Respondent is a mentally ill person in need of continuing treatment and lacks the capacity regarding the need for treatment; that Respondent continues to suffer from a mental disease or condition that renders Respondent unable to make a responsible decision concerning the need for

---

[2] State Defendants produced 594 pages of documents on August 15, 2006. State Defendants produced an additional 25 pages on August 18, 2006.

- 4 -

>treatment, and that without medical treatment, including the administration of psychotropic medications when medically indicated, Respondent poses a real and present threat of committing or suffering serious harm to self or others, or to property.

(See Exhibit "F" at 3, ¶ 1a). Thus it is clear that Gillis continues to suffer from a mental illness and is a serious harm to himself and others.

14. On September 25, 2006, over eight months after the State Defendants filed the Motion to Dismiss and the Opening Brief, Plaintiff filed his Answering Brief In Opposition To Defendants' Motion to Dismiss (the "Answering Brief") (D.I. 88). At no point in the Answering Brief does the Plaintiff contest that he has schizophrenia or that he is in need of treatment. Rather Plaintiff contends that the Motion to Dismiss should be denied because "Defendants have not produced any medical evidence that the alleged forced medication on Plaintiff during the critical period of about 1987 to about 1996 was proper."  (Ans. Br. at 14).

14. This is State Defendants' Reply Memorandum Of Points And Authorities In Support Of State Defendants' Motion To Dismiss (the "Reply Brief").

## MEMORANDUM OF LAW

**I.      The Allegations Against State Defendants Mike Little, Ed Johnson, NLN Maria, Timothy Martin, Brian Engrem And Osmar Sammander Should Be Dismissed For Failure To State A Claim.**

Plaintiff does not dispute that State Defendants Mike Little, Ed Johnson, Maria Lyons ("NLN Maria"), Brian Engrem, and Osmar Sammander should be dismissed from the case. Therefore, based on the arguments present in the Opening Brief and the agreement to dismiss by the Plaintiff, State Defendants request that the Court dismiss all claims against State Defendants Little, Johnson, Lyons, Engrem, and Sammander.

**II.     The Allegations Against State Defendants Holman And Merson Should Be Dismissed For Failure To State A Claim.**

Plaintiff also does not dispute that State Defendants David Holman ("NFN Holman") and Lise Merson should be dismissed from this action. Thus, based on the arguments set forth in the Opening Brief and the agreement to dismiss by the Plaintiff, State Defendants request that the Court dismiss Holman and Merson from this case.

Therefore, the only remaining State Defendants are Stan Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, Lawrence McGuigan, Emily Stevenson, Ricky Porter (NMN Porter), Merissa McFadden, and Jim Simms.

**III.    The Allegations Against Defendants McFadden, Porter And Stevenson Should Be Dismissed For Failure To State A Claim.**

Plaintiff states in his Answering Brief that the allegations against State Defendants McFadden, Porter and Stevenson should be maintained because they are "lieutenants at the Delaware Correction [sic] Center and hold supervisory roles." (Ans. Br. at 5, ¶ 4). Plaintiff's assertion, however, does not comport with federal law.

The Third Circuit holds that, "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability *cannot be predicated solely on the operation of respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3) (emphasis added). Gillis has failed to show, either in his pleadings or in his Answering Brief that State Defendants McFadden, Porter and Stevenson were personally involved in forcibly administering medication to him. Instead, Gillis's sole basis for his claims against McFadden, Porter and Stevenson stems from their alleged supervisory responsibilities. Given that supervisory responsibilities cannot be the sole basis for liability in a section 1983 action,

Gillis cannot maintain an action against State Defendants McFadden, Porter and Stevenson and the claims against them should be dismissed for failure to state a claim.

### IV. Plaintiff's Claim Of Unwanted Administration Of Psychotropic Drugs Should Be Dismissed For Failure To State A Claim.

Plaintiff contends in his Answering Brief that he has a valid claim against the State Defendants for unwanted administration of psychotropic drugs because the State Defendants cannot show that the forced administration of drugs was justified by a competent medical diagnosis of mental illness. (See Ans. Br. at 9-10). Plaintiff further contends that the lack of records from 1987 to 1996 is evidence that the forced administration of drugs was unjustified. (See *Id.*). Plaintiff's arguments, however, do not sound in fact or law.

As was previously mentioned a section 1983 action requires that the defendant be personally involved in the alleged deprivation of constitutional rights. Respondeat superior cannot be the sole basis for liability. *Rode*, 845 F.2d at 1207 (citing *Parratt*, 451 U.S. at 537 n.3). In this case Plaintiff's claim against the State Defendants is based solely on his belief that the State Defendants improperly supervised the medical and mental health diagnosis and treatment he received. Because respondeat superior cannot be the sole basis for liability, the claim against the State Defendants for the unwanted administration of psychotropic drugs should be dismissed.

Further, "[t]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper,* 494 U.S. 210, 227 (1990). Thus forcing drugs on an inmate is permissible if the State can show a finding of "overriding justification and a

determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992).

Plaintiff is a diagnosed, violent, delusional schizophrenic. Plaintiff's illness currently requires that he receive inpatient treatment at the Delaware Psychiatric Center. (See Exhibit "F"). At no point in his Answering Brief does Plaintiff deny having schizophrenia. Moreover, Plaintiff never denies that he has caused significant injury to himself and others because of his schizophrenia. Rather Plaintiff asserts that the State Defendants have not shown that his treatment was justified.

Plaintiff's argument is error. The State Defendants have clearly demonstrated in their Opening Brief that Plaintiff's treatment is justified. The State Defendants have also shown that the Superior Court has, on two occasions, sanctioned and ordered the forced medication of Plaintiff. There exists, then, a demonstrable overriding justification in forcibly medicating Gillis, which has been sustained by the courts. Therefore, Plaintiff's allegations of unwanted administration of psychotropic drugs should be dismissed.

Finally, Plaintiff's allegations that the lack of medical records demonstrates that the use of psychotropic medications was improper is incorrect. First, any claims that Plaintiff has of a misdiagnosis that occurred sometime between 1987 and 1996 should be defeated by the statute of limitations. *See* 10 *Del. C.* § 8106 (three year statute of limitations for actions to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant); 10 *Del. C.* § 8119 (two year statute of limitations for actions for personal injuries); 18 *Del. C.* § 6856 (two year statute of limitations for claims against a health care provider). Second, even assuming

*arguendo*, that a mistake in diagnosis did occur, such a mistake represents an erroneous medical decision. An incorrect medical decision, however, "does not represent cruel and unusual punishment. At most it is medical malpractice, …." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Therefore Gillis has no constitutional basis for his claim of misdiagnosis from 1987 to 1996.

Gillis clearly requires medication for his mental illness. Therefore the forcible administration of psychotropic medications has been and continues to be justified and Plaintiff's claim should be dismissed.

V.       **Plaintiff's Claim Of Deliberate Indifference Should Be Dismissed For Failure To State A Claim.**

Gillis claims that he should be permitted to proceed on his deliberate indifference claim because the State Defendants caused his disease. Plaintiff's assertion is absurd and unsupportable. Gillis receives treatment for schizophrenia. His treatment has been determined by medical professionals to be the best course of action for his illness.

A prison official will not be considered deliberately indifferent simply because he "failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Moreover, to establish deliberate indifference, a plaintiff must demonstrate a culpable state of mind on the part of the defendant. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Finally, as stated earlier, liability in a section 1983 action "cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207 (citing *Parratt*, 451 U.S. at 537 n.3).

The allegations against the State Defendants stem solely from what Gillis perceives are the State Defendants' alleged supervisory roles. But the Plaintiff's claims are invalid for several reasons. First, the medical and mental health staffs are independent entities and State Defendants do not supervise the diagnoses they issue. Second, even if the State Defendants did supervise the medical staff, respondeat superior cannot be the sole basis for liability. Finally, Plaintiff has been and continues to receive treatment from several prison doctors. Therefore the State Defendants cannot be held liable for not directly responding to Gillis's medical complaints.

The State Defendants have not been deliberately indifferent to Gillis's medical needs. Gillis receives treatment for schizophrenia and has been under the care of the prison's medical and mental health staffs. Therefore, Gillis cannot support a claim for deliberate indifference against the State Defendants and this claim should be dismissed.

## VI.    Plaintiff's Claim Against The State Defendants For Assault And Battery Should Be Dismissed For Failure To State A Claim.

Plaintiff contends in his Answering Brief that he can maintain a claim for assault and battery against that the State Defendants because, "[e]ven if State Defendants did not administer the medication personally, the medical and mental health staffs of the Correction Center, who did so, were under the aegis of, and supported by State Defendants." (Ans. Br. at 11). Plaintiff, however, is mistaken.

Battery is a personal tort upon another that involves "intentional, unpermitted contact." *Brzoska v. Olson*, 668 A.2d 1355, 1360 (Del. 1995). The State Defendants did not personally administer psychotropic drugs to the Plaintiff – a fact which Plaintiff freely admits. Because Plaintiff has not alleged, and cannot allege, that

the State Defendants engaged in the intentional, unpermitted contact upon his person, the State Defendants cannot be held liable for the tort of assault and battery.

Further, as previously mentioned, the medical and mental health staffs are not under the control of the State Defendants as the Plaintiff seems to allege. The medical and mental health staffs are independent entities. It is their responsibility to diagnose and treat the Plaintiff's medical and mental illnesses, not the responsibility of the State Defendants. The State Defendants do not administer psychotropic drugs to the Plaintiff. Therefore the claims of assault and battery should be dismissed.

**VII.     Plaintiff's Claim Against The State Defendants For Retaliation Should Be Dismissed For Failure To State A Claim.**

Gillis alleges in his Answering Brief that his claim of retaliation is based on his belief that he was placed in SNU "because of his resistance to forced medication." (Ans. Br. at 11). As mentioned in State Defendants' Opening Brief, Gillis was placed in SNU as a result of his mental illness, his violent behavior and his continued non-compliance with doctor's orders. Gillis's mental illness, violent behavior and non-compliance have all been supported by the Commissioner's findings of fact. (See Exhibit "F"). Gillis's placement in SNU then was a direct result of his illness and behavior, not an act of retaliation for his resisting medication. Therefore Gillis cannot demonstrate a causal link between his placement in the SNU and the exercise of his rights, and his claim of retaliation should be dismissed.

**VIII.    Plaintiff's Claim Against The State Defendants For Conspiracy To Injure Should Be Dismissed For Failure To State A Claim.**

Plaintiff alleges that a "pleading of coordinated action by multiple defendants resulting in Plaintiff's injury satisfies the required conspiracy elements…."

(Ans. Br. at 12). But, "[t]he gravaman of an action in civil conspiracy is not the conspiracy itself but the underlying wrong which would be actionable absent the conspiracy." *McLaughlin*, 455 F.Supp. at 752. Plaintiff has not proven that the State Defendants committed any underlying wrong. Therefore he cannot support a claim of conspiracy and his claim should be dismissed.

### IX.    The State Defendants Are Immune From Liability For Plaintiff's Claims.

Plaintiff admits in his Answering Brief that the State Defendants cannot be held liable in their official capacity. He contends, however, that the State Defendants' claims of qualified immunity are invalid. Plaintiff supports his allegation by stating that the State Defendants cannot claim qualified immunity because they "failed to produce medical records to show that the forced medication during the critical period was proper." (Ans. Br. at 13). Plaintiff further alleges that "[w]ithout medical evidence to the contrary, State Defendants would have acted in bad faith, with gross or wanton negligence." (*Id.*). Plaintiff's allegations, however, are without merit.

The record in this case clearly shows that the State Defendants have acted with good faith, without gross or wanton negligence. Gillis is a diagnosed schizophrenic with violent tendencies that have caused injuries to himself and to others. As a result of his illness and tendencies Gillis has been placed on medication. The State Defendants have given Gillis access to medical and mental health care providers. The State Defendants have also given Gillis access to an outside inpatient treatment center. The State Defendants have not refused Gillis treatment or medication. Further, the actions of the State Defendants and medical and mental health staffs have been sanctioned by the Superior Court on two separate occasions. Therefore the State Defendants have acted in

good faith, without negligence and the State Defendants are immune from liability for Plaintiff's claims in their individual and official capacities.

WHEREFORE, the State Defendants respectfully request that this Honorable Court dismiss the claims in Plaintiff's Original and Amended Complaints as they relate to Defendants Stanley Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, Lawrence McGuigan, David Holman ("NFN Holman"), Emily Stevenson, Ricky Porter ("NMN Porter"), Merissa McFadden, Jim Simms, Lise Merson, Mike Little, Edward Johnson, Maria Lyons ("NLN Maria"), Timothy Martin, Brian Engrem, and Osmar Sammander.

          **DEPARTMENT OF JUSTICE**
          **STATE OF DELAWARE**

          */s/ Erika Y. Tross*
          Erika Y. Tross (#4506)
          Deputy Attorney General
          Carvel State Office Building, 6th Floor
          820 N. French Street
          Wilmington, DE 19801
          (302) 577-8400
              Attorney for the State Defendants

Dated: October 2, 2006

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2006, I electronically filed *State Defendants' Reply Memorandum Of Points And Authorities In Support Of State Defendants' Motion To Dismiss* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Zhun Lu, Esq.

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400