IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VURNIS L. GILLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-921-KAJ |
| | ) |
| | ) Jury Trial Demanded |
| JUDGE CHARLES H. TOLIVER, IV, et al., | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, State Defendants Stanley Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, Lawrence McGuigan, David Holman ("NFN Holman"), Emily Stevenson, Ricky Porter ("NMN Porter"), Merissa McFadden, Jim Simms, Lise Merson, Mike Little, Edward Johnson, Maria Lyons ("NLN Maria"), Timothy Martin, Brian Engrem, and Osmar Sammander (the "State Defendants"),[1] hereby respond to Plaintiff's First Request For Documents (the "Discovery Requests") as follows:

**GENERAL OBJECTIONS**

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

---

[1] There is no indication that Defendants Charles Cunningham, Joseph Hodson, or John Doe Three have been served, waived service or waived their right to respond. Therefore they are not a party to this Response.

1. State Defendants object to the Discovery Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2. State Defendants object to the Discovery Requests to the extent that they seek information not in State Defendants' possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. State Defendants object to the Discovery Requests to the extent that they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. State Defendants object to the Discovery Requests to the extent they purport to require State Defendants to produce documents at the offices of Plaintiff's attorneys.

5. State Defendants object to the Discovery Requests to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

6. State Defendants object to the Discovery Requests to the extent that they are vague, ambiguous, or otherwise incomprehensible.

7. State Defendants object to the Discovery Requests to the extent that they are overly broad, unduly burdensome, or seek information that is neither

relevant to the issues raised in the Complaint or Amended Complaint (the "Complaints"), nor reasonably calculated to lead to the discovery of admissible evidence.

8. In providing responses to these Discovery Requests, State Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

9. State Defendants' assertions that they will produce documents in response to a particular request is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that State Defendants will make available for inspection and copying responsive, nonprivileged documents within their possession, custody or control should any such documents be located after a reasonably diligent search.

10. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, State Defendants reserve the right to supplement or amend these responses and assert additional objections as they complete their review and analysis in response to the Discovery Requests.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**PRODUCTION REQUEST NO. 1:** Each and all documents referring, reflecting, or relating to Plaintiff's medical records from or around 1986 when Plaintiff was incarcerated to the present (except those already provided to Plaintiff's counsel).

**RESPONSE:** State Defendants incorporate by reference the foregoing General Objections and further object to this request on grounds that it is overly broad and unduly burdensome. State Defendants further object to this request on grounds that it is neither relevant to the issues raised in the Complaints nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants also object to this request on grounds that the request has been made prior to the Federal Rule 26(f) conference. Subject to and without waiver of the foregoing general and specific objections, State Defendants have produced documents Bates stamped D00001 – D00594 in response to this request. The medical provider for the Department of Correction has advised the State Defendants that these are the only documents that exist.

**PRODUCTION REQUEST NO. 2:** Each and all documents referring, reflecting, or relating to any psychiatric evaluation of Plaintiff in the following years:

> 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, and 2000 (except those already provided to Plaintiff's counsel).

**RESPONSE:** State Defendants incorporate by reference the foregoing General Objections and further object to this request on grounds that it is overly broad and unduly burdensome. State Defendants further object to this request on grounds that it is neither relevant to the issues raised in the Complaints nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants also object to this request on grounds that the request has been made prior to the Federal Rule 26(f) conference. Subject to and without waiver of the foregoing general and specific objections, State Defendants have produced documents Bates stamped D00001 – D00594 in response to

this request. The medical provider for the Department of Correction has advised the State Defendants that these are the only documents that exist.

**PRODUCTION REQUEST NO. 3:** Each and all documents referring, reflecting, or relating to Plaintiff's mental or psychiatric conditions at or around the time of Plaintiff's incarceration in 1986.

**RESPONSE:** State Defendants incorporate by reference the foregoing General Objections and further object to this request on grounds that it is overly broad and unduly burdensome. State Defendants further object to this request on grounds that it is neither relevant to the issues raised in the Complaints nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants also object to this request on grounds that the request has been made prior to the Federal Rule 26(f) conference. Subject to and without waiver of the foregoing general and specific objections, the medical provider for the Department of Correction has advised the State Defendants that these documents do not exist.

**PRODUCTION REQUEST NO. 4:** Each and all documents referring, reflecting, or relating to each infraction, criminal charge, or other offence, which formed the basis for additional sentences imposed on Plaintiff from 1987 to 2000, including but not limited to, the following charges against Plaintiff on or about the indicated dates:

    a.    November 25, 1987, assault in detention facility and second degree conspiracy

    b.    October 25, 1989, carrying concealed deadly weapon and promoting prison contraband

      c.      February 6, 1991, second degree assault

      d.      November 24, 1999, first degree arson

**RESPONSE:** State Defendants incorporate by reference the foregoing General Objections and further object to this request on grounds that it is overly broad and unduly burdensome. State Defendants further object to this request on grounds that it is neither relevant to the issues raised in the Complaints nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants also object to this request on grounds that the request has been made prior to the Federal Rule 26(f) conference. Subject to and without waiver of the foregoing general and specific objections, State Defendants will produce documents in response to this request to the extent such documents exist.

**PRODUCTION REQUEST NO. 5:** Each and all documents Defendants intend to rely upon to prove Plaintiff's mental capacity or incapacity from 1986 to 2000.

**RESPONSE:** State Defendants incorporate by reference the foregoing General Objections and further object to this request on grounds that it is premature as discovery is not yet complete and investigation of the issues or potential issues is ongoing. Subject to and without waiver of the foregoing general and specific objections, State Defendants state that they have not yet determined what documents they will introduce at the trial of this action or mark as an exhibit at the trial, but will identify those documents as required by the Federal Rules of Civil Procedure and any applicable Local Rule or Scheduling Order.

**PRODUCTION REQUEST NO. 6:** Each and all documents relating to medications given to Plaintiff by or on behalf of Defendants from 1986 to 2000 (except those already provided to Plaintiff's counsel).

**RESPONSE:** State Defendants incorporate by reference the foregoing General Objections and further object to this request on grounds that it is overly broad and unduly burdensome. State Defendants further object to this request on grounds that it is neither relevant to the issues raised in the Complaints nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants also object to this request on grounds that the request has been made prior to the Federal Rule 26(f) conference. Subject to and without waiver of the foregoing general and specific objections, State Defendants have produced documents Bates stamped D00001 – D00594 in response to this request. The medical provider for the Department of Correction has advised the State Defendants that these are the only documents that exist.

[Remainder of page intentionally left blank.]

**PRODUCTION RESPONSE NO. 7:** Each and all documents removed from Plaintiff's possession during his incarceration or mental/psychiatric confinement, including but not limited to his legal work and papers.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendants state that they do not have within their possession and control the documents requested. By way of further response, State Defendants state that any and all documents that were removed from Plaintiff's possession were mailed to him at the Delaware Psychiatric Center where he is presently being held.

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

/s/ Erika Y. Tross

Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

Date: August 15, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VURNIS L. GILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-921-KAJ |
| ) | |
| ) | Jury Trial Demanded |
| JUDGE CHARLES H. TOLIVER, IV, et al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF SERVICE

I, Erika Y. Tross, Esquire, hereby certify that a copy of **State Defendants' Responses To Plaintiff's First Request For Documents** was served on August 15, 2006 upon the following individual by U.S. Mail:

Zhun Lu, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
Post Office Box 2207
Wilmington, DE  19899

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for State Defendants

Dated: August 15, 2006

**Notices**
1:04-cv-00921-KAJ Gillis v. Toliver, et al

## U.S. District Court

## District of Delaware

Notice of Electronic Filing

The following transaction was received from Tross, Erika entered on 8/15/2006 at 1:57 PM EDT and filed on 8/15/2006

**Case Name:** Gillis v. Toliver, et al
**Case Number:** 1:04-cv-921
**Filer:** Elizabeth Burris
Thomas Carroll
Paul Howard
NFN Holman
Stan Taylor
Ed Johnson
Jim Simms
Mike Little
Lise Merson
Lawrence McGuigen
Emily Stevenson
NMN Porter
Merrissa McFadden
NLN Maria
Timothy Martin
Brian Engrams
Osmar Samander

**Document Number:** 84

**Docket Text:**
NOTICE of State Defendants' Responses to Plaintiff's First Request for Documents by Emily Stevenson, NMN Porter, Merrissa McFadden, Jim Simms, Lise Merson, Mike Little, Ed Johnson, NLN Maria, Timothy Martin, Brian Engrams, Osmar Samander, Stan Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, Lawrence McGuigen, NFN Holman re [83] Notice of Service (Tross, Erika)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/15/2006] [FileNumber=258552-0]
[507c9d6786febbc2b53cce0d2ee14e5e9867ae76476d4c18c561e44708567658c513
6e8507118d135eecdad626ba47cef2315249c9341868ebef9fd477a4235f]]

**1:04-cv-921 Notice will be electronically mailed to:**

Zhun Lu　　zl@cblh.com

Erika Yvonne Tross　　Erika.Tross@state.de.us

**1:04-cv-921 Notice will be delivered by other means to:**