IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VURNIS L. GILLIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | )   Civil Action No. 04-921-*** |
|   v. | ) |
| | )   Jury Trial Requested |
| | ) |
| STAN TAYLOR, et al., | ) |
| | ) |
|     Defendants. | ) |

**STATE DEFENDANTS' ANSWER TO
THE ORIGINAL COMPLAINT [RE: D.I. 2]**

COMES NOW, State Defendants Stanley Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, and Jim Simms (the "State Defendants") by and through their undersigned counsel, and hereby respond to the numbered paragraphs of Plaintiff Vurnis L. Gillis's Original Complaint, dated July 21, 2004 and filed August 4, 2004 (D.I. 2), as follows:[1]

**Preliminary Statement**

As to the paragraph entitled "Preliminary Statement" of the Original Complaint, State Defendants admit that Plaintiff Vurnis Gillis ("Gillis" or "Plaintiff") is currently in the custody of the Delaware Department of Correction. The remaining allegations of the paragraph entitled "Preliminary Statement" state legal conclusions to which no response is required.

---

[1] The Court dismissed Plaintiff's Amended Complaint (D.I. 25) by Order dated February 1, 2006 (D.I. 71).

## Jurisdiction and Venue

1. The allegations of paragraph 1 of the Original Complaint state legal conclusions to which no response is required.

2. The allegations of paragraph 2 of the Original Complaint state legal conclusions to which no response is required.

3. The allegations of paragraph 3 of the Original Complaint state legal conclusions to which no response is required.

## Parties

4. As to paragraph 4 of the Original Complaint, State Defendants admit that Gillis is currently in the custody of the Delaware Department of Correction. State Defendants specifically deny each and every other allegation of paragraph 4 not specifically admitted herein.

5. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 5 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants state that Defendant Toliver has been dismissed from this action.

6. The allegations of paragraph 6 of the Original Complaint are denied.

7. As to paragraph 7 of the Original Complaint, State Defendants admit that Thomas Carroll is employed by the Delaware Department of Correction and is currently the Warden of the Delaware Correctional Center. State Defendants specifically deny each and every other allegation of paragraph 7 not specifically admitted herein.

8. As to paragraph 8 of the Original Complaint, State Defendants admit that Elizabeth Burris is employed by the Delaware Department of Correction and is currently a Deputy Warden at the Delaware Correctional Center. State Defendants specifically deny each and every other allegation of paragraph 8 not specifically admitted herein.

9. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 9 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants state that Defendant Holman has been dismissed from this action.

10. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 10 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants state that Defendants Stevenson and Porter have been dismissed from this action.

11. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 11 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants state that Defendant McFadden has been dismissed from this action.

12. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 12 of the Original Complaint and, therefore,

deny same.

13. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 13 of the Original Complaint and, therefore, deny same.

14. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 14 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants state that Defendants Weiss, Kho, Robinson, Ramon, Boston, and Sadowski are not employed by the Delaware Department of Correction.

15. As to paragraph 15 of the Original Complaint, State Defendants admit that at the time of some of the events in the Original Complaint, Defendant Simms was employed by the Delaware Department of Correction. State Defendants specifically deny each and every other allegation of paragraph 15 not specifically admitted herein.

16. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 16 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants state that Defendant Merson has been dismissed from this action.

17. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 17 of the Original Complaint and, therefore,

deny same.

18.   This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 18 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants state that Defendant Little has been dismissed from this action.

19.   This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 19 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants state that Defendants Johnson, Maria, Martin, Sammander and Engrem have been dismissed from this action.

20.   This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 20 of the Original Complaint and, therefore, deny same.

21.   This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 21 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants state that Defendant Holwerda is not employed by the Delaware Department of Correction.

22.   The allegations of paragraph 22 of the Original Complaint state legal conclusions to which no response is required.

**Statement of Facts**

23. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 23 of the Original Complaint and, therefore, deny same.

24. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 24 of the Original Complaint and, therefore, deny same.

25. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 25 of the Original Complaint and, therefore, deny same.

26. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 26 of the Original Complaint and, therefore, deny same.

27. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 27 of the Original Complaint and, therefore, deny same.

28. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28 of the Original Complaint and, therefore, deny same.

29. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 29 of the Original Complaint and, therefore, deny same.

30. State Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations asserted in paragraph 30 of the Original Complaint and, therefore, deny same.

31. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 31 of the Original Complaint and, therefore, deny same.

32. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 32 of the Original Complaint and, therefore, deny same.

33. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33 of the Original Complaint and, therefore, deny same.

34. State Defendants admit that on November 6, 2001, Judge Toliver signed an order directing that Gillis be required to take any and all medications and/or other treatment as directed by the Department of Correction's Forensic Evaluation Team. State Defendants further admit that the November 6, 2001 order stated that the order was to remain in effect unless or until modified by order of the Court. State Defendants deny each and every other allegation of paragraph 34 of the Original Complaint not specifically admitted herein.

35. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35 of the Original Complaint and, therefore, deny same. By way of further response, State Defendants specifically deny any wrongdoing and/or that they violated Gillis's constitutional rights.

36. The allegations of paragraph 36 of the Original Complaint state

legal conclusions to which no response is required.  To the extent a response is required, State Defendants specifically deny any wrongdoing and/or that they violated Gillis's constitutional rights.

37. The allegations of paragraph 37 of the Original Complaint state legal conclusions to which no response is required.  To the extent a response is required, State Defendants specifically deny any wrongdoing and/or that they violated Gillis's constitutional rights.

38. The allegations of paragraph 38 of the Original Complaint state legal conclusions to which no response is required.  To the extent a response is required, State Defendants specifically deny any wrongdoing and/or that they violated Gillis's constitutional rights.

## RELIEF

State Defendants specifically deny that Plaintiff is entitled to any relief or damages, including injunctive relief, compensatory damages, punitive damages, costs and/or attorneys' fees.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Original Complaint fails to state claims upon which relief may be granted.

2. The action and all claims are barred by Eleventh Amendment immunity.

3. As to any claims against the State or against State Defendants in their official capacities, State Defendants and the State are protected from liability by the doctrine of sovereign immunity.

4. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

5. State Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

6. As to any claims sounding in state law, the State Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

7. To the extent Plaintiff seeks to hold State Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

8. This action and all claims are barred, in whole or in part, by the applicable statute of limitations or any other statutorily required administrative time requirement.

9. Plaintiff has failed to exhaust his administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

10. State Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11. To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

12. The Plaintiff's claims are barred by his contributory negligence.

13. Plaintiff fails to state a claim against State Defendants for failure to

train and maintenance of wrongful customs, practices and policies.

14. Plaintiff fails to state a claim against State Defendants for violation of the First Amendment.

15. Plaintiff fails to state a claim against State Defendants for violation of the Eighth Amendment.

16. Plaintiff fails to state a claim against State Defendants for violation of the Fourteenth Amendment.

17. Plaintiff's injuries were caused, in whole or in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by the State Defendants.

18. Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

19. Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

20. Insufficiency of service of process.

21. Insufficiency of process.

22. Lack of jurisdiction over the person and subject matter.

WHEREFORE, State Defendants respectfully request the Court grant judgment in their favor and against the Plaintiff in all respects, and enter an Order (i) dismissing the Original Complaint in its entirety as to the State Defendants; (ii) awarding State Defendants their fees and costs; and (iii) granting such other and further relief as is just and proper.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorneys General
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
    Attorney for State Defendants

Dated: June 12, 2007

**CERTIFICATE OF MAILING AND/OR DELIVERY**

I hereby certify that on June 12, 2007, I electronically filed *State Defendants' Answer To The Original Complaint [Re: D.I. 2]* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Zhun Lu, Esq.

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400