IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VURNIS L. GILLIS<br><br>Plaintiff,<br><br>v.<br><br>STAN TAYLOR<br><br>Defendants/ | Civil Action No. 04-921-***<br><br>Jury Trial Requested |

### NOTICE OF SERVICE OF SUBPOENA

TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiff Vurnis L. Gillis provides notice of service of subpoena on the following persons or entities as indicated on October 23, 2007:

1.    First Correctional Medical. A copy of the subpoena is attached hereto as Exhibit A.

Dated: October 29, 2007        /s/ Zhun Lu
Zhun Lu (#4427)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE 19899
(302) 658-9141
zlu@cblh.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Zhun Lu, hereby certify that on October 29, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Erica Y. Tross, Esquire
>State of Delaware
>Department of Justice
>Carvel State Building
>820 N. French Street
>Wilmington, Delaware 19801

I further certify that on October 29, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record

>*/s/ Zhun Lu*
>Zhun Lu, Esquire (#4427)
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, Delaware 19899
>Telephone: (302) 884-6262
>Fax: (302) 658-5614
>Attorney for Plaintiff
>Email: zlu@cblh.com

# EXHIBIT A

Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE
### SUBPOENA IN A CIVIL CASE

**Vurnis Gillis,**
    **Plaintiff**

v.

**CASE NUMBER: 04-921-\*\*\***

**Taylor, et al.,**
    **Defendants**

TO:    First Correctional Medical
    205 W. Giaconda Way
    Suite 115
    Tucson, Arizona 85704

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| **AND TIME** | |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

    Provide Plaintiff with written confirmation of whether any of the following care providers for Delaware inmate Vurnis Linwood Gillis, SBI # 00180180, (a.k.a. Vurnis L. Jones, Vurnis Gillis, Vernon Gillis, Vurnis L. Gillis, Vernon L. Gillis, Vernon L. Jones) are or were employed by or associated with First Correctional Medical: Dr. Weiss, Dr. Mitchell Kho, Dr. Robinson, Dr. Ramon, Dr. Martha Boston, Dr. Richard Sadowski, Counselors Kevin Hoffecker, Dianne Stachowski, James Simms, Femme (Full name unknown), Gwen (Full name unknown), Chavon Dottins, and Nurse Supervisor Brenda Holwerda.
    If any of the above care providers are currently employed by or associated with First Correctional Medical, provide current contact information including current position title, address and phone number.
    If any of the above care providers were at any time employed by or associated with First Correctional Medical between the years of 1985 to the current date, October 19, 2007, provide their previous position title(s) and their last known contact information including address and phone number.

| PLACE Connolly Bove Lodge and Hutz<br>The Nemours Building, 1007 North Orange St, Wilmington, DE 19801 | DATE AND TIME<br>October 29, 2007 |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

571368-1

[signature]                                         Attorney for Plaintiff            October 19, 2007

**ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER**
Zhun Lu, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 1007 North Orange St, Wilmington, DE 19899
(302) 658-9141

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

571368-1

Case 1:04-cv-00921-SLR   Document 130   Filed 10/29/2007   Page 6 of 7

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of American that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
   (iv) subjects a person to undue burden.
(B) If a subpoena
   (i) requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party o contest the claim.

571368-1

Case 1:04-cv-00921-SLR   Document 130   Filed 10/29/2007   Page 7 of 7
10/25/2007 2:32 PM FROM: Civil Action Group Civil Action Group TO: +1 (302) 6585614 PAGE: 002 OF 002

10/24/2007 1:02 PM FROM: Civil Action Group Civil Action Group TO: 81 (520) 624-1819 PAGE: 002 OF 003

Vurnis Gillis, et. al., Plaintiff(s)
vs.
Taylor, et. al., Defendant(s)

Service of Process by
**APS International, Ltd.**
1-800-328-7171

APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-

APS File #: 085963-0001

## AFFIDAVIT OF SERVICE – Corporate

Service of Process on:
–First Correctional Medical
Court Case No. 04-921

CONNOLLY, BOVE, ET AL
Alesha Walker
1220 Market Street
Wilmington, DE 19801

State of: AZ
County of: PIMA

**Name of Server:** Steve Hiearth, undersigned, being duly sworn, deposes and says that at the time of service, s/he was of legal age and was not a party to this action;

**Date/Time of Service:** that on the 23 day of Oct., 20 07, at 12:05 o'clock PM

**Place of Service:** at 205 W Giaconda Way Suite 115, in Tucson, AZ 85704

**Documents Served:** the undersigned served the documents described as:
Subpoena to First Correctional

**Service of Process on:** A true and correct copy of the aforesaid document(s) was served on:
First Correctional Medical

**Person Served, and Method of Service:** By delivering them into the hands of an officer or managing agent whose name and title is: Sue Cianciolo, OFFICE MANAGER

**Description of Person Receiving Documents:** The person receiving documents is described as follows:
Sex F; Skin Color W; Hair Color Blonde; Facial Hair
Approx. Age 53; Approx. Height 5'4"; Approx. Weight 180

☐ To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service.

**Signature of Server:** Undersigned declares under penalty of perjury that the foregoing is true and correct.

Signature of Server

Subscribed and sworn to before me this 24 day of Oct., 20 07

OFFICIAL SEAL
PRISCILLA R. DOMINGUEZ
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Dec. 21, 2007

APS International, Ltd.