IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VURNIS L. GILLIS<br><br>Plaintiff,<br><br>v.<br><br>STAN TAYLOR<br><br>Defendants/ | Civil Action No. 04-921-***<br><br>Jury Trial Requested |

### NOTICE OF SERVICE OF SUBPOENA

TO:   COUNSEL OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiff Vurnis L. Gillis provides notice of service of subpoena on the following persons or entities as indicated on December 10, 2007:

1.   Correctional Medical Services.  A copy of the subpoena is attached hereto as Exhibit A.

Dated: December 12, 2007

/s/ Zhun Lu
Zhun Lu (#4427)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE 19899
(302) 658-9141
zlu@cblh.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Zhun Lu, hereby certify that on December 12, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Erica Y. Tross, Esquire
> State of Delaware
> Department of Justice
> Carvel State Building
> 820 N. French Street
> Wilmington, Delaware 19801

I further certify that on December 12, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record

> /s/ Zhun Lu
> Zhun Lu, Esquire (#4427)
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, Delaware 19899
> Telephone: (302) 884-6262
> Fax: (302) 658-5614
> Attorney for Plaintiff
> Email: zlu@cblh.com

# EXHIBIT A

Issued by the
# UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
SUBPOENA IN A CIVIL CASE

**Vurnis Gillis,**
    Plaintiff

v.

**Taylor, et al.,**
    Defendants

CASE NUMBER: 04-921-***

TO:    Correctional Medical Services
1201 College Park Dr.
Suite 101
Dover, DE 19904-8702

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case relating to the topics referenced in attached SCHEDULES A and B

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 North Orange Street<br>Wilmington, DE 19899 | January 8, 2008 |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): See attached SCHEDULES A and C

| PLACE | DATE AND TIME |
|---|---|
| CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 North Orange Street<br>Wilmington, DE 19899 | December 21, 2008 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Zhun Lu / P. Cn___   Attorney for Plaintiff | December 7, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Zhun Lu, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 1007 North Orange St, Wilmington, DE 19899
(302) 658-9141

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

578203-1

## SCHEDULE A

### DEFINITIONS

CORRECTIONAL MEDICAL SERVICES or CMS as used herein means Correctional Medical Services and any and all past or present, employees, officers, board members, directors, representatives, attorneys, consultants, agents, contractors, subcontractors, accountants, predecessors in interest, successors in interest, affiliates, joint venturers, subsidiaries and all other related, parent or affiliated companies, and anyone acting directly or indirectly on behalf of Correctional Medical Services.

DEFENDANTS as used herein means Stan Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, Lawrence McGuigen, Charles Cunningham, Joeseph Hodson, NMN Weiss, NMN Kho, NMN Robinson, Martha Boston, Richard Sadowski, Kevin Hoffecker, Dianne Stachowski, Jim Simms, NMN Femme, NMN Gwen, Chavon Dottins, Brenda Holwerda, NMN Ramon and any and all past or present, employees, officers, board members, directors, representatives, attorneys, consultants, agents, contractors, subcontractors, accountants, predecessors in interest, successors in interest, affiliates, joint venturers, subsidiaries and all other related, parent or affiliated companies, and anyone acting or purporting to act, directly or indirectly, on behalf of Stan Taylor, Paul Howard, Thomas Carroll, Elizabeth Burris, Lawrence McGuigen, Charles Cunningham, Joeseph Hodson, NMN Weiss, NMN Kho, NMN Robinson, Martha Boston, Richard Sadowski, Kevin Hoffecker, Dianne Stachowski, Jim Simms, NMN Femme, NMN Gwen, Chavon Dottins, Brenda Holwerda, and NMN Ramon.

COMMUNICATION as used herein means any form of verbal or written exchange, whether in person, by telephone, by facsimile, by telex, by electronic mail (*e.g.*, "e-mail") or by any other medium; also any related DOCUMENT, whether or not such DOCUMENT or the information contained therein was transmitted by its author or by any other PERSON.

DOCUMENT as used herein means the most comprehensive and inclusive sense permitted by

578203-1

Rule 34 of the Federal Rules of Civil Procedure. This includes all forms of recorded information whether handwritten, typed, printed, or recorded (*see also* ELECTRONICALLY STORED INFORMATION). Pursuant to the Federal Rules and as used herein, the term document includes any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. Any copy of a document containing or having attached any alterations, notes, comments or other material which is not included in the original or other copies of such document must be considered a separate document. This includes, by way of example and not of limitation: (a) letters, correspondence, memoranda, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications; (b) minutes, transcripts, notes or records of meetings, conferences, telephone conversations and interviews, including lists of PERSONS attending the meetings or conferences; (c) calendars, date books, logs, logbooks and diaries; (d) data, work papers, notes compilations and tabulations; (e) drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts and graphs; (f) user manuals, policy manuals, guidelines, handbooks, manuals, directions and instruction books; (g) sales and promotional literature, brochures, press releases, advertisements and pamphlets; (h) reports, studies, analyses, projections, strategic plans, presentations, books, booklets and texts; (i) forms, legal pleadings and filings, and deposition transcripts; (j) ledgers, accounting records, sales and financial information; and (k) archived records and expired files.

ELECTRONICALLY STORED INFORMATION ("ESI") as used herein means all data recorded or stored on computer or other data storage devices such as network storage devices, personal data assistants ("PDA" *e.g.*, Palm, Blackberry, Treo), diskettes, videotapes and audio tapes. This includes, by way of example and not limitation, digital photographs, e-mail (and attachments), metadata, object code, presentations, software, source code, spreadsheets, voice mail, word processor files and other electronically stored compilations. All versions and drafts are to be produced as separate items.

578203-1

GILLIS as used herein means Delaware inmate Vurnis Linwood Gillis, SBI #00180180 including any of the following other names used by GILLIS: Vurnis L. Jones, Vurnis Gillis, Vernon Gillis, Vurnis L. Gillis Vernon L. Gillis, or Vernon L. Jones.

IDENTIFY, IDENTITY or IDENTIFICATION, when used in reference to a natural PERSON, means provide the following information: full name; present or last known business and residence addresses; present or last known business affiliation; and, present or last known business position, job title and a description of job functions, duties and responsibilities, the identity of all immediate supervisors; and the name of all employees directly reporting to such PERSON. When used with reference to any entity other than a natural PERSON, state: its full name; the address of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation; the identity of all individuals who acted and/or authorized another to act on its behalf in connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and, in the case of an entity other than a corporation, the identities of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to. When used in reference to a DOCUMENT or ESI, the terms "identify," "identity" or "identification" mean provide the following information: the nature of the DOCUMENT or ESI (*e.g.*, letter, contract, memorandum or e-mail) and any other information (*i.e.*, its title, index or file number) which would facilitate in the identification thereof; the date of preparation; its present location and the identity of its present custodian or, if its present location and custodian are not known, a description of its last known disposition; its subject matter and substance or, in lieu thereof, annex a legible copy of the DOCUMENT or ESI to the answers to these interrogatories; the identity of each PERSON who performed any function or had any role in connection therewith (*i.e.*, author, contributor of information, or recipient) or who has any knowledge thereof, together with a description of each such PERSON'S function, role or knowledge; and, if the DOCUMENT or ESI has been destroyed or otherwise is no longer in existence or cannot be

578203-1

found, the reason why such DOCUMENT or ESI no longer exists, the identity of the people responsible for the DOCUMENT or ESI no longer being in existence and of its last custodian. When used in connection with a meeting or a COMMUNICATION, the terms "identify," "identity" and "identification" mean provide the following information: its general nature; the time and place of its occurrence; its subject matter and substance; the identity of each PERSON who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a description of each such PERSON'S function, role, or knowledge; and, the identity of each DOCUMENT or ESI which refers thereto or which was used, referred to or prepared in the course or as a result thereof.

MEDICAL RECORDS CUSTODIAN as used herein means the medical records custodian for the State of Delaware, Department of Corrections and any and all past or present, employees, officers, board members, directors, representatives, attorneys, consultants, agents, contractors, subcontractors, accountants, predecessors in interest, successors in interest, affiliates, joint ventures, subsidiaries and all other related, parent or affiliated companies, and anyone acting or purporting to act, directly or indirectly, on behalf of the medical records custodian for the State of Delaware, Department of Corrections.

PERSON as used herein means individual or legal entity, including, but not limited to, companies, corporations, professional corporations, proprietorships, firms, partnerships, associations, joint ventures, trusts, estates, receivers, and institutions and government entities, including, but not limited to, federal, state and local governments and all subdivisions, departments, bodies, agencies, authorities, or corporations thereof.

The PRESENT ACTION, THIS ACTION, or THIS CASE, as used herein means the case of *Vurnis L. Gillis v. Stan Taylor, et al.*, Civil Action No. 04-921-(***) (D. Del.).

DEPARTMENT OF CORRECTION as used herein means the State of Delaware Department of Correction and any and all past or present, employees, officers, board members, directors,

578203-1

representatives, attorneys, consultants, agents, contractors, subcontractors, accountants, predecessors in interest, successors in interest, affiliates, joint ventures, subsidiaries and all other related, parent or affiliated companies, and anyone acting or purporting to act, directly or indirectly, on behalf of the State of Delaware Department of Correction.

Miscellaneous: The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter gender; the neuter gender includes the masculine and feminine genders. "And" means and/or. "Or" means and/or.

## INSTRUCTIONS

A.  If CMS is objecting, rather than producing, any of the requested DOCUMENTS or ESI, it must state the basis of its objection(s), identify the Request to which each objection applies, and produce all requested DOCUMENTS or ESI to which no objection is made.

B.  The Requests sought in Schedule C encompass all DOCUMENTS and ESI within CMS's actual or constructive possession, custody, or control.

C.  The Requested DOCUMENTS and ESI shall be produced as they are maintained in the usual course of business or, alternatively, shall be organized and labeled to correspond to each Request and any subparts thereof to which the information is responsive. If copies are produced in lieu of the originals, the copies should be legible and bound or stapled in the same manner as the original.

D.  If, because of a claim of privilege, CMS does not produce information responsive to any Request, CMS must identify the privilege claimed, the facts to support the claim of privilege, and a list identifying each item (DOCUMENT or ESI) for which a privilege is claimed, together with the following additional information:

(1)   The items' creation date;

(2)   The author(s);

(3)   A brief description of the subject matter of the item;

(4)   The title and type of item (*e.g.*, letter, memorandum, drawing or e-mail);

578203-1

  (5)  The addressees and recipients;

  (6)  The custodian of the item;

  (7)  The purpose for its creation; and

  (8)  The number of pages.

 E. If any item would have been responsive to any Request but has been destroyed, altered or otherwise no longer in CMS's actual or constructive possession, custody, or control, identify:

  (1)  The information described in paragraph D above;

  (2)  The person(s) responsible for its destruction, alteration or transfer; and

  (3)  The date of, and reason(s) for, its destruction, alteration or transfer.

**SCHEDULE B -- DEPOSITION CATEGORIES**

**Category I – CMS' Medical Records Retention and Transfer Policy**

(A)     CMS' document retention or document destruction practices, procedures, policies, and guidelines.

(B)     The State of Delaware Department of Correction's document retention or document destruction practices, procedures, policies, and guidelines as communicated to CMS.

(C)     CMS' collection of documents in response to Gillis' subpoena *duces tecum* filed contemporaneously herewith.

(D)     CMS' methods, procedures, and proof of medical record transfer(s) from previous medical providers including but not limited to Frank E. Basil in 1985, Prison Health Services in 2000 or First Correctional Medical in 2005 and/or to subsequent medical providers including but not limited to Prison Health Services in 1996 and First Correctional Medical in 2002.

**Category II – CMS' Contract with State of Delaware, Department of Corrections**

(A)     CMS' contract with the State of Delaware, Department of Corrections which relates to providing medical services to incarcerated individuals in Delaware.

**Category III – CMS' Awareness of the Medical Records In Suit**

(A)     CMS' knowledge of the GILLIS medical records at issue in the PRESENT ACTION, including when and how first obtained, where stored, how treated, and present location and condition.

**Category IV – CMS' Practices and Procedures Regarding Administration of Psychotropic Drugs**

(A)     CMS' administration of psychotropic drugs to GILLIS between 1986 and 1995.

(B)     Any predicates to administration of psychotropic drugs to inmates including, without limitation, obtaining prior opinion of a psychiatrist and or a legal order adjudicating the mental state of the inmate.

578203-1

## SCHEDULE C - REQUESTS FOR DOCUMENTS, ESI, AND THINGS

1. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to GILLIS including, without limitation, administration of psychotropic drugs to GILLIS between 1986 and 1995.

2. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to the medical records retention policy of the State of Delaware, Department of Corrections.

3. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to the movement of GILLIS' medical records while in the possession of CMS.

4. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to the contracts with the Department of Corrections to the extent they pertain to custody or retention of medical records and administration of psychotropic drugs.

5. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to CMS's communications between the medical records custodian of the State of Delaware and CMS relating to treatment of GILLIS.

6. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to CMS's communications between the medical records custodian of the State of Delaware and CMS regarding Gillis' medical records.

7. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to CMS' efforts, procedures, policies, or guidelines to recover any missing inmate records.

8. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to CMS' document retention or document destruction practices, procedures, policies, or guidelines to the extent related to treatment of prisoners incarcerated by the State of Delaware.

578203-1

9. A list of all doctors and professional staff employed by CMS between 1986 and 1995 to treat Delaware inmates.

10. Any list such as identified as mentioned in Document Request #9 that was provided to any other party in litigation filed in a Delaware court.

578203_1.DOC

578203-1

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE December 10, 2007 | PLACE 1201 College Park Drive Suite 101 Dover DE 19904 |
| SERVED ON (PRINT NAME) Correctional Medical Services Service accepted by Margaret Slack at 3:16p.m | | MANNER OF SERVICE Subpoena |
| SERVED BY (PRINT NAME) Shelly Miles | | TITLE Process Server |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of American that the foregoing information contained in the Proof of Service is true and correct.

Executed on __12/10/07__
DATE

Shelly Miles
SIGNATURE OF SERVER

15 E North St. Dover DE 19901
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party o contest the claim.

578203-1