IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VURNIS GILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-921-*** |
| | ) | |
| TAYLOR, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF CORRECTIONAL MEDICAL SERVICES FOR PROTECTIVE ORDER**

1. On December 10, 2007, plaintiff served a subpoena against Correctional Medical Services, which is not a party to the above captioned lawsuit. D.I. #139. A copy of the subpoena is attached hereto as Exhibit "A".

2. The subpoena requests the production of the following documents by December 21, 2007:

   1. All documents, electronically stored information ("ESI"), and things in CMS' possession, custody, or control which relate to, reflect, or refer to GILLIS including, without limitation, administration of psychotropic drugs to GILLIS between 1986 and 1995.
   2. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to the medical records retention policy of the State of Delaware, Department of Corrections.
   3. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to the movement of GILLIS' medical records while in the possession of CMS.
   4. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to the contracts with the Department of Corrections to the extent they pertain to custody or retention of medical records and administration of psychotropic drugs.
   5. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to CMS' communications between the medical records custodian of the State of Delaware and CMS relating to treatment of GILLIS.
   6. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to CMS' communications between the

        medical records custodian of the State of Delaware and CMS regarding Gillis' medical records.

7. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to CMS' efforts, procedures, policies, or guidelines to recover any missing inmate records.
8. All documents, ESI, and things in CMS' possession, custody, or control which relate to, reflect, or refer to CMS' document retention or document destruction practices, procedures, policies, or guidelines to the extent related to treatment of prisoners incarcerated by the State of Delaware.
9. A list of all doctors and professional staff employed by CMS between 1986 and 1995 to treat Delaware inmates.
10. Any list such as identified as mentioned in Document Request #9 that was provided to any other party in litigation filed in a Delaware court.

3. The subpoena also requests the taking of a deposition relating to CMS' medical records retention and transfer policy, CMS' contract with the State of Delaware, Department of Corrections, CMS' awareness of the medical records in suit, and CMS' practices and procedures regarding administration of psychotropic drugs on January 8, 2008. Specifically, the subpoena requests:

Category I – CMS' Medical Records Retention and Transfer Policy

(A) CMS' document retention or document destruction practices, procedures, policies, and guidelines.
(B) The State of Delaware Department of Correction's document retention or document destruction practices, procedures, policies, and guidelines as communicated to CMS.
(C) CMS' collection of documents in response to Gillis' subpoena *duces tecum* filed contemporaneously herewith.
(D) CMS' methods, procedures, and proof of medical record transfer(s) from previous medical providers including but not limited to Frank E. Basil in 1995, Prison Health Services in 2000 or First Correctional Medical in 2005 and/or to subsequent medical providers including but not limited to Prison Health Services in 1996 and First Correctional Medical in 2002.

Category II – CMS' Contract with State of Delaware, Department of Corrections

(A) CMS' contract with the State of Delaware, Department of Corrections which relates to providing medical services to incarcerated individuals in Delaware.

Category III – CMS' Awareness of the Medical Records in Suit

    (A)    CMS' knowledge of the GILLIS medical records at issue in the PRESENT ACTION, including when and how first obtained, where stored, how treated, and present location and condition.

Category IV – CMS' Practices and Procedures Regarding Administration of Psychotropic Drugs

    (A)    CMS' administration of psychotropic drugs to GILLIS between 1986 and 1995.
    (B)    Any predicates to administration of psychotropic drugs to inmates including, without limitation, obtaining prior opinion of a psychiatrist and or a legal order adjudicating the mental state of the inmate.

4.    According to Fed. R. Civ. P. 26(c), the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense….". Protective orders are entered by the Court for "good cause" which is a determination that consists of balancing the harm to the person seeking the protective order versus the importance of disclosure to the public. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997).

5.    The foregoing request for the production of documents and deposition is unreasonable, oppressive, overly broad and unduly burdensome. It is unreasonable and unduly burdensome to compel CMS, a nonparty, to produce the above requested documents especially within the eleven day time period specified in the subpoena for compliance. The time for production is unreasonably short to permit the documents to be assembled and delivered. In addition, the subpoena does not specify the materials to be produced with reasonable particularity nor does it command production of materials covering only a reasonable period of time. Compliance with this subpoena would require significant time and expense on CMS' part and undoubtedly yield numerous documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, some of the information requested

can be more properly directed to other party defendants. Thus, CMS' Motion for Protective Order should be granted.

Moreover, the request for document production and 30(b)(6) deposition is redundant or repetitive in that it requests discovery of information previously sought through the deposition of Latisha Johnson, a CMS records clerk. *See* August 20, 2007 deposition of Latisha Johnson at 17, 25-26, 35, 40-45, 48-49, 53, 64-65, 77-83, 89, 92 attached hereto as Exhibit "B". Latisha Johnson testified regarding her knowledge of CMS' policies and procedures with respect to the retention of medical records. She explained the process of inactive records and the archive of medical records. Latisha Johnson also testified that she did not have any knowledge as to the location of any medical records from 1986-1995 pertaining to Gillis. She recounted several times during her deposition her actions in retrieving Gillis' medical records and reviewing the files again for any additional medical records that might have been missed the first time. She repeatedly testified that she, as the CMS record clerk, copied everything available to her and that CMS did not have any additional medical records. All medical records in CMS' possession, custody, or control which relate to, reflect, or refer to Gillis have been produced. Therefore, CMS' Motion for Protective Order should be granted.

WHEREFORE, Correctional Medical Services respectfully requests that this Honorable Court grant the Motion and enter a Protective Order in the same or substantially the same form as attached hereto.

        MARSHALL DENNEHEY WARNER
        COLEMAN & GOGGIN

        */s/Kevin J. Connors*
        Kevin J. Connors, Esquire (I.D. No. 2135)
        1220 North Market Street, 5th Floor
        P.O. Box 8888
        Wilmington, DE 19899 – 8888
        Counsel for Correctional Medical Services

Dated: December 20, 2007
15/564515.v1