**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VURNIS L. GILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 04-921-SLR |
| v. | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| STAN TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [RE:  D.I. 149, 150]**

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
        Attorney for the State Defendants

Dated:  September 19, 2008

## TABLE OF CONTENTS

Table of Citations ……………………………………………………............    iii

Nature and Stage of the Proceedings …………………………………………    1

Summary of the Argument …………………………………………………    2

Statement of the Facts …………………………………………………...    3

Argument ………………………………………………………………..    4

    I.    **The Court Should Not Grant Plaintiff Judgment Solely On The Basis That Medical Records Cannot Be Located Where The Facts Of This Case Do Not Support The Use Of This Drastic Sanction And Where There Are Other Less Drastic Sanctions That The Court May Impose.** …………………………………………    5

    II.    **This Court Should Not Award Plaintiff Judgment Where He Has Other Means Available To Support His Claims Which He Failed To Utilize.** ………………………………………………..    7

    III.    **Summary Judgment Is Not Proper Where Plaintiff Cannot Prove That An Alleged Violation Of The Records Retention Policy And The NCCHC Standards Constitutes A Violation Of His Constitutional Rights.** …………………………………………    9

Conclusion …………………………………………………………………    12

## <u>TABLE OF CITATIONS</u>

**<u>Cases</u>**

*Baliotis v. McNeil*,
     870 F.Supp. 1285 (M.D. Pa. 1994) ………………………………………     5

*Brewer v. Quaker State Oil Refining Corp.*,
     72 F.3d 236 (3d Cir. 1995) ………………………………………………….     6

*Carter v. Exxon Company USA*,
     177 F.3d 197 (3d Cir. 1999) ……………………………………………...     4

*Castellani v. Delaware State Police*,
     751 A.2d 934 (Del. Super. Ct. 1999) …………………………………….     10

*Celotex Corporation v. Catrett*,
     477 U.S. 317 (1986) ……………………………………………………...     4

*Delker v. Maass*,
     843 F.Supp. 1390 (D. Or. 1994) ……………………………………………     10

*Estelle v. Gamble*,
     429 U.S. 97 (1976) ……………………………………………………….     7

*Gay v. Petsock*,
     917 F.2d 768 (3d Cir. 1990) ……………………………………………...     10

*Lewis v. Bd. Of Sedgwick County Commissioners*,
     140 F.Supp.2d 1125 (D. Kan. 2001) ……………………………………..     6-7, 9

*Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*,
     475 U.S. 574 (1986) ……………………………………………………...     4

*Rode v. Dellarciprete*,
     845 F.2d 1195 (3d Cir. 1988) …………………………………………….     10

*Schmid v. Milwaukee Electric Tool Corp.*,
     13 F.3d 76 (3d Cir. 1994) ………………………………………………...     5-6

**<u>Statutes, Rules and Other Authority</u>**

Federal Rule of Civil Procedure 56(c) ……………………………………………...     4

Federal Rule of Evidence 702 ………………………………………………………     6, 9

## NATURE AND STAGE OF THE PROCEEDINGS

On September 2, 2008, State Defendants filed a Motion for Summary Judgment and an Opening Brief in Support producing evidence and supporting case law proving that the Court should grant judgment in their favor and against the Plaintiff on all claims as a matter of law. (D.I. 151, 152). On the same date Plaintiff filed a motion for summary judgment along with an accompanying opening brief asserting that the Court should grant judgment in his favor solely because a portion of his medical records cannot be located. (D.I. 149, 150). This is State Defendants' Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment.

## SUMMARY OF THE ARGUMENT

1.      Judgment is not proper based solely on the fact that certain records cannot be located where the facts show that the State Defendants did not intentionally destroy documents, Plaintiff has not suffered prejudice as a result of the missing records and granting judgment in Plaintiff's favor is not the least drastic sanction.

2.      Plaintiff's missing medical records are not the only means available to Plaintiff for establishing the facts of his case.  Plaintiff, however, has not attempted to obtain information from any other source.  Given that Plaintiff has other means available to establish his claims the Court should not award him summary judgment solely because the State cannot locate a portion of his medical records.

3.      The state's medical records retention policy and the standards of the National Commission on Correctional Health Care do not create substantive rights for inmates. Therefore, Plaintiff cannot assert the State Defendants violated his constitutional rights by allegedly failing to adhere to the medical records retention policy or the NCCHC standards.

## STATEMENT OF THE FACTS

State Defendants incorporate, as if fully set forth herein, the facts as stated in their Opening Brief in Support of Their Motion for Summary Judgment (D.I. 152).

## **ARGUMENT**

In light of the unsupported theories and assertions set forth in the Plaintiff's Opening Brief the standard for summary judgment is worth repeating. "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, …." *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). The movant is required to identify those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. (quoting Fed. R. Civ. P. 56(c)). The moving party to a motion for summary judgment has the "burden of demonstrating that the standards of Rule 56(c) have been satisfied." *Carter v. Exxon Company USA*, 177 F.3d 197, 202 (3d Cir. 1999). Moreover, "'on summary judgment the inferences to be drawn from the underlying facts … must be viewed in the light most favorable to the party opposing the motion.'" *Matsushita Electric Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

In this case Gillis, without supporting case law or facts, asks the Court to grant him summary judgment solely on the basis that the State cannot locate a portion of his medical records. As support for his claim he asserts that: 1) the "missing medical records are the only means available to prove or disprove the facts asserted in the original complaint." (Pl. Opening Br. at 12); and 2) the state violated its medical records retention policy and the standards of the National Commission on Correctional Health Care ("NCCHC") (*Id.* at 14-15).

Although State Defendants admit that certain medical records for the Plaintiff cannot be located, State Defendants assert that the fact of the missing medical records is not enough to support Plaintiff's motion for summary judgment. Thus, this Court should deny the Plaintiff's

request for summary judgment for three reasons.  First, granting judgment in favor of the Plaintiff solely on the basis that medical records cannot be located is not the least drastic sanction.  Second, Plaintiff has other means of proving his case besides the missing records and, even if the records were located, Plaintiff still could not prove that the State Defendants violated his constitutional rights.  Finally, the alleged violations of the state's medical records retention policy and the NCCHC standards do not prove the State Defendants violated Gillis' constitutional rights.  For all of the foregoing reasons the Court should deny Plaintiff's request for summary judgment.

**I.    The Court Should Not Grant Plaintiff Judgment Solely On The Basis That Medical Records Cannot Be Located Where The Facts Of This Case Do Not Support The Use Of This Drastic Sanction And Where There Are Other Less Drastic Sanctions That The Court May Impose.**

Plaintiff contends that the Court should grant summary judgment in his favor simply because some of his medical records cannot be located.  Essentially the Plaintiff is asking the Court to rule adversely against the State Defendants and grant him judgment because of spoliation.

District Courts have the authority to impose sanctions for the destruction of evidence. *Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).  Courts, however, should be mindful to "'select the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim.'"  *Id.* (quoting S. Gorelick, Steven Maren and Lawrence Solum, *Destruction of Evidence*, § 3.16, p.117 (1989)).  "A sanction that has the 'drastic' result of judgment being entered against the party who has lost or destroyed evidence must be regarded as a 'last resort' to be imposed only 'if no alternative remedy by way of a lesser, but equally efficient sanction is available.'"  *Baliotis v. McNeil*, 870 F.Supp. 1285, 1290 (M.D. Pa. 1994) (quoting *Capellupo v. FMC Corp.*, 126 F.R.D. 545, 552 (D. Minn. 1989)).

To determine the appropriate sanction for the destruction of evidence the Third Circuit has established three factors for a court to consider: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction" available. *Schmid*, 13 F.3d at 79. Plaintiff did not discuss any of these factors in his Opening Brief yet is asking this Court to impose the drastic sanction of granting judgment in his favor. Because the factors do not favor granting judgment in favor of the Plaintiff, the request for judgment should be denied.

Plaintiff has not proven that the State Defendants intentionally and willfully destroyed the missing medical records. In fact Plaintiff admits that the records were lost. The Third Circuit holds that, "No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, …." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995). Thus, the first factor of the *Schmid* test does not support using the drastic sanction of granting Plaintiff summary judgment.

Plaintiff has also failed to show that he has suffered prejudice by the inability to locate the missing medical records. Plaintiff has other means available for proving his claims including deposing his prior physicians. Plaintiff, however, has not deposed any of his doctors. Moreover, the State Defendants had no personal involvement in prescribing or administering psychotropic medications to Gillis. (See Appendix to State Defendants' Opening Br. at A-176-184). Thus the missing medical records would not support Plaintiff's claims against the State Defendants. Further, even if the missing medical records were found they would not establish Plaintiff's claims that he was injured as a result of taking the medications or that the crimes he committed were caused by the medications he was taking. Such claims require expert testimony – which Plaintiff has failed to provide. *See* FED. R. EVID. 702; *Lewis v. Bd. Of Sedgwick County*

6

*Commissioners*, 140 F.Supp.2d 1125 (D. Kan. 2001) (finding that where the cause of an injury is not apparent to a laymen from common knowledge or experience, expert medical testimony is required to prove causation). Therefore the second factor of the *Schmid* test also weighs against using the drastic sanction of granting the Plaintiff judgment.

Finally, Plaintiff has not proven that there are no other less onerous sanctions available. Assuming, *arguendo*, that the Court finds that the State should be sanctioned for the failure to locate the medical records, there are other sanctions less drastic than granting judgment in Plaintiff's favor – including an adverse inference instruction at trial – which would serve as a sufficient penalty.

Granting judgment in Plaintiff's favor solely on the basis that the State cannot locate certain medical records is a drastic sanction that is not appropriate given the facts of this case. Therefore, Plaintiff's request for summary judgment based only on the fact that certain medical records cannot be located should be denied.

## II. This Court Should Not Award Plaintiff Judgment Where He Has Other Means Available To Support His Claims Which He Failed To Utilize.

Plaintiff asserts, without supporting facts, that he cannot prove his claims without the missing medical records. In a section 1983 action for deliberate indifference Plaintiff has the burden of proof. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that, "In order to state a cognizable claim, *a prisoner* must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.") (emphasis added). Besides requesting medical records from the State Defendants and the Department of Correction's medical providers, Plaintiff has made no other attempt to find evidence to support his claims. This Court should not award Plaintiff judgment where he had other means available to support his claims but where he chose not to utilize those other means.

7

In his Complaint Gillis specifically stated that two doctors – Doctors Robinson and Weiss – prescribed him psychotropic medications.  Plaintiff, however, has not demonstrated that he made any attempt to locate these two doctors and obtain their testimony.

In addition, Plaintiff has not shown that he has attempted to depose or speak with any of Plaintiff's past or present psychiatrists or medical clinicians to determine their knowledge of Plaintiff's initial diagnosis of schizophrenia and prescription of psychotropic medications.  A simple "Google" search revealed that one of Plaintiff's former psychiatrists, Dr. Mitchell Kho, has a practice in Pennsylvania.  (Exhibit A).[1]  Another simple search showed that Marylou Blades, one of Gillis' former medical providers currently works as Program Director of Fellowship Health Resources in Dover, Delaware.  (Exhibit B).[2]  The record is void of any attempt by Plaintiff's counsel to contact Dr. Kho, Ms. Blades or any of Plaintiff's other medical clinicians.  Presumably, the Plaintiff could learn the reasons for his initial diagnosis by deposing some of his past medical providers.  Plaintiff, however, has chosen not to take the necessary steps to prove his case and instead asks this Court to rule in his favor solely because a portion of his records are missing.

Even if the medical records were located Plaintiff has not proven that the records would support his claims.  Plaintiff asserts that the medications caused him injury and caused him to commit other crimes.  Plaintiff, however, does not have a single piece of evidence that indicates that the specific medications he was taking have the side effects that would cause the injuries he

---

[1] The undersigned counsel performed a free "Google" search on September 18, 2008 to determine if she could quickly and easily locate Dr. Kho.  The results not only yielded where he was practicing but also an address, phone number and a picture.

[2] The undersigned counsel performed another free "Google" search on September 19, 2008 and quickly located Marylou Blades' employer.

alleges. Further, he has not named a single expert witness or provided any other evidence to establish that the psychotropic medications he was taking would cause him to commit crimes. Plaintiff's claims require expert testimony. *See* FED. R. EVID. 702; *Lewis v. Bd. Of Sedgwick County Commissioners*, 140 F.Supp.2d 1125 (D. Kan. 2001) (finding that where the cause of an injury is not apparent to a laymen from common knowledge or experience, expert medical testimony is required to prove causation). Given that Plaintiff has failed to provide expert testimony he cannot establish the element of causation.

Plaintiff wishes to rest his entire lawsuit on the fact that certain medical records cannot be located. Plaintiff, however, has the burden of proof in this case and he cannot meet his burden simply by stating that medical records cannot be located. Plaintiff could have obtained the testimony of the two doctors who initially prescribed psychotropic medications or, at the very least, he could have deposed Plaintiff's other doctors. Further, Plaintiff could have attempted to support his case with evidence and expert testimony showing that taking the medications caused his injuries or caused him to commit crimes. Plaintiff, however, has not made a single attempt to support his claims. In light of Plaintiff's failure to utilize other available means to support his claims, this Court should not award Plaintiff summary judgment.

III.    **Summary Judgment Is Not Proper Where Plaintiff Cannot Prove That An Alleged Violation Of The Records Retention Policy And The NCCHC Standards Constitutes A Violation Of His Constitutional Rights.**

Plaintiff asserts that summary judgment is proper because the State allegedly violated its medical records retention policy and the standards of the NCCHC. Plaintiff's argument is without merit for several reasons. First, Plaintiff cannot establish that an alleged violation of the state medical records retention policy constitutes a violation of his constitutional rights. The inmate medical records retention policy is established by the Delaware Public Archives pursuant

9

to 29 *Del C.* § 524.  Nothing in the statute, in the policy or in Delaware case law, however, states that the records retention policy creates substantive rights for inmates.  Therefore Gillis cannot prove that the state's alleged violation of the medical records retention policy establishes that the State Defendants should be held liable for the alleged violation of his constitutional rights.  *See e.g., Castellani v. Delaware State Police*, 751 A.2d 934 (Del. Super. Ct. 1999) (holding that certain Delaware statutes and portions of the Delaware State Police Divisional Manual did not support Plaintiff's theories of liability where the statues and the manual did not create a duty to the Plaintiff).

Second, Plaintiff cannot establish that a violation of the NCCHC standards translates into a violation of his constitutional rights.  The NCCHC standards are <u>recommendations</u> established by a board.  The standards are not law.  Thus, these recommendations do not create substantive rights for inmates.  As one court held, "The views of [the NCCHC] are worthy of consideration, but constitutional standards are not determined by the board of directors of a third party organization, …."  *Delker v. Maass*, 843 F.Supp. 1390, 1398 (D. Or. 1994).  The State's adherence to or violation of NCCHC standards is not dispositive of the issue of whether the State Defendants violated Gillis' constitutional rights.

Finally, as was established in the State Defendants' Opening Brief, the Plaintiff has not shown that the particular State Defendants named in his Complaint violated, or directed someone else to violate, the state's medical records retention policy or the NCCHC standards.  Such a showing is required in a section 1983 action where the Plaintiff must prove the State Defendants were personally involved in the alleged violation of his rights.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).

Given that Plaintiff cannot show that the alleged violation of the state's medical records retention policy and the NCCHC standards establishes a violation of his constitutional rights, the Court should not award the Plaintiff summary judgment.

## <u>CONCLUSION</u>

This Court should not grant Plaintiff summary judgment solely because the state cannot locate a portion of his medical records.  The evidence shows that the Plaintiff could have used other means to support his claims but he chose not to avail himself of these means.  Moreover, Plaintiff has not established that a violation of state policy and NCCHC standards constitutes a violation of his constitutional rights.  Where, as here, the State Defendants had no involvement in Plaintiff's medical care and where the evidence does not support Plaintiff's claims, the Court should deny Plaintiff's motion for summary judgment.

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on September 19, 2008, I caused a true and correct copy of the attached *State Defendants' Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment [Re:  D.I. 149, 150]* to be served on the following individual in the form and manner indicated:


**VIA ELECTRONIC DELIVERY**
Zhun Lu, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
Post Office Box 2207
Wilmington, DE  19899


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400