IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VURNIS L. GILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-921-SLR |
| | ) | |
| STANLEY W. TAYLOR, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Zhun Lu, Esquire, of Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware. Counsel for Plaintiff.

Philip H. Bangle, Deputy Attorney General, State of Delaware, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

.

Dated:  June 18, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Vurnis L. Gillis, an inmate at James T. Vaughn Correctional Center ("JTVCC"),[1] Smyrna, Delaware, filed this civil rights action against defendants Stanley W. Taylor, Jr. ("Taylor"), former Commissioner of the Department of Correction of the State of Delaware; Paul Howard ("Howard"), former Chief of the Bureau of Prisons of the Department of Correction of the State of Delaware; Thomas L. Carroll ("Carroll"), former Warden of the JTVCC; Elizabeth Burris ("Burris"), former Deputy Warden, JTVCC; Lawrence McGuigen ("McGuigen"), Deputy Warden, JTVCC; and Jim Simms ("Simms"), Counselor, JTVCC[2], (collectively, the "State Defendants") pursuant to 42 U.S.C. § 1983.[3] (D.I. 2; D.I. 152 at 3)  Plaintiff alleges that the State Defendants violated his constitutional rights to due process and freedom from cruel and unusual punishment by forcibly administering psychotropic medications to him.

Currently before the court are plaintiff's motion for summary judgment on all counts (D.I. 149) and State Defendants' motion for summary judgment on all counts.

---

[1]Formerly called the Delaware Correctional Center.

[2]In addition to the six State Defendants listed above, there are 14 remaining defendants who are not parties to the motion practice.  (D.I. 2; D.I. 152 at 3, 12)

[2]42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(D.I. 151)  The court has jurisdiction pursuant to 28 U.S.C. § 1331.  For the following reasons, the court denies plaintiff's motion and grants the State Defendants' motion.

## II. BACKGROUND

On August 26, 1986, plaintiff began serving a 25-year sentence at JTVCC after having been convicted of charges relating to robbery.[4]  (D.I. 152 at 7)  In 1987, he was diagnosed as suffering from schizophrenia and, as treatment, was prescribed a series of psychotropic medications.  (D.I. 2 at ¶ 27; D.I. 152 at 7)  Plaintiff complained to the prescribing doctors of "severe side effects, blurred vision and wild mood swings," but was told that these were normal reactions and that the effects would eventually dissipate.  (Id. at ¶¶ 28-29)  Plaintiff alleges that the side effects did not improve but rather worsened and, as a result, caused him to commit four separate crimes while incarcerated.[5]  (Id. at ¶¶ 29-33)  Plaintiff pled guilty to these four crimes and was sentenced to an additional 27 years of incarceration.  (Id. at ¶ 35)

On March 31, 1999, Delaware Superior Court Judge Charles Toliver ordered that plaintiff be required to take any medications and/or other treatments as directed by the JTVCC's Forensic Evaluation Team.  (D.I. 153 at 112-13)  By April 14, 1999, plaintiff had begun refusing to take his prescribed medication; a series of JTVCC memoranda document plaintiff's various refusals.  (Id. at 114-26)  On November 6, 2001, Judge

---

[4]Plaintiff was convicted of Robbery in the First Degree, Possession of a Deadly Weapon during the Commission of a Felony, Burglary in the Second Degree and Conspiracy in the Second Degree.  (D.I. 152 at 7)

[5]The incidents and charges included: 1) Assault in a Detention Facility and Conspiracy (Nov. 25, 1987); 2) Carrying a Concealed Deadly Weapon and Promoting Prison Contraband (Oct. 25, 1989); 3) Assault (Feb. 6, 1991); and 4) Arson (Nov. 24, 1999).  (D.I. 2 at ¶¶ 30-33)

Toliver reaffirmed the March 31, 1999 order and indicated that the order was to remain in effect unless or until modified by the Delaware Superior Court. (*Id.* at 133)

During the period in which plaintiff was receiving psychotropic medication, plaintiff filed three separate lawsuits in this court. In June 1989, plaintiff filed suit claiming that his constitutional rights were violated when his Islamic prayer book and cap were taken during a shakedown. (*Id.* at 75) Plaintiff lost this case on summary judgment. (*Id.* at 78) In August 1996, plaintiff filed a petition for a writ of habeas corpus, and filed an application to proceed in forma pauperis. (*Id.* at 79-98) The petition was denied. (*Id.*) In August of 2002, plaintiff filed suit similar to the one sub judice alleging improper and forced medication. (*Id.* at 99-108) That suit was dismissed without prejudice. (*Id.*) Plaintiff filed the present suit on July 21, 2004.

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with

3

the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (*quoting* Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Indeed, to survive a motion for summary judgment, plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

### A. Application Of The Statute Of Limitations

The State Defendants argue that plaintiff cannot maintain a § 1983 claim against them because he filed his suit more than two years after the claim accrued and is thus barred by the statute of limitations. In identifying the applicable statute of limitations for a § 1983 claim, the court uses the limitations period provided for personal injury torts within the state it sits. *See Wallace v. Kato,* 549 U.S. 384, 387 (2007) (citing *Owens v.*

4

*Okure,* 488 U.S. 235, 249-250 (1989)). Delaware law provides a two-year statute of limitations period for personal injury claims. *See* 10 Del. C. § 8119; *Johnson v. Cullen,* 925 F.Supp. 244, 248 (D. Del. 1996). Accordingly, the court applies a two-year statute of limitations to § 1983 claims. *Id.* A § 1983 claim not filed within two years of having accrued is time-barred and must be dismissed. *See Smith v. State,* C.A. No. 99-440- JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *See Johnson*, 925 F.Supp. at 248. Here, the injury forming the basis of plaintiff's cause of action is that of being forced to take psychotropic medications. (D.I. 2 at § 27) The record suggests that plaintiff knew of this injury as early as 1987 when he complained of side effects but was continued on the medication. Even if plaintiff's claim cannot be said to have accrued in 1987, the record indicates that plaintiff certainly knew in 1999 that he was being forced to take psychotropic medication when, after refusing to take his medication, he was forced to take it anyway by court order. Assuming his claim accrued in 1999, plaintiff was required under the two-year statute of limitations to file suit on his claim in 2001. Plaintiff did not. Accordingly, his claim is time-barred unless some doctrine applies that would excuse his tardiness.

Plaintiff argues that two such doctrines apply here: the equitable tolling doctrine and the continuing violations doctrine. The court discusses those in order.

### 1. Equitable tolling

The doctrine of "equitable tolling stops the statue of limitations from running when the date on which the claim accrued has already passed." *Moody v. Kearney*,

380 F.Supp.2d 393, 397 (D. Del. 2005) (quoting *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000)). Equitable tolling, however, "can [only] be applied to suits brought under federal civil rights statutes when the state statute of limitations would otherwise frustrate federal policy." *Id.* While the Supreme Court has repeatedly recognized the equitable tolling doctrine, the Third Circuit notes that it should be invoked sparingly and only in rare situations where application of the doctrine is supported by "sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999); *see Moody*, 380 F. Supp.2d at 397. Equitable tolling may be warranted in the following three scenarios:

> (1) where the defendant actively misled the plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

*Moody*, 380 F. Supp.2d at 397 (citing *Lake*, 232 F.3d at 370 n.9).

Focusing on the second scenario, plaintiff contends that "improper forced-medication of psychotropic drugs has caused [him] long-term side effects" and, as a result, plaintiff was unable to "manage [ ] his affairs and thus understand [ ] his legal rights and act upon them." (D.I. 155 at 16-17) (quoting *Graham v. Kyler*, 2002 WL 32149019, at *3 (E.D. Pa. Oct. 31, 2002)). Plaintiff supports his argument by analogizing his situation to that at issue in *Moody*. In *Moody*, because of improper care within the Delaware Department of Correction, the plaintiff suffered a heat stroke and lapsed into a coma. *Moody*, 380 F. Supp.2d at 395. Plaintiff suffered brain damage as a result of the coma, which prohibited him from communicating effectively. *Id.* Under these circumstances, the court found that the plaintiff was incapable of filing a lawsuit

6

on his own behalf, and determined that the "extraordinary circumstances" prong of the
equitable tolling doctrine prevented plaintiff's claim from being time barred even though
plaintiff, through counsel, filed his suit three years late. *Id.* at 398.

The court is not persuaded that the doctrine applies to the facts of record. While
the plaintiff in *Moody* was incapable of communicating effectively and, therefore,
deemed incapable of asserting his legal rights, plaintiff at bar filed three separate
lawsuits during the critical time frame. These undisputed facts indicate that, whatever
effect the psychotropic medication may have had, plaintiff still had mental faculties
sufficient to discover potential infringements upon his constitutional rights and seek
remedies for these infringements through the courts. Without a showing of
extraordinary circumstances to compel the court to apply the doctrine of equitable
tolling, plaintiff's claim is time-barred and summary judgment will be granted in State
Defendants' favor.

## 2. Continuing violations doctrine

Under the theory of continuing violations, a plaintiff may be granted an "equitable
exception to the timely filing" of a complaint "when a defendant's conduct is part of a
continuing practice...[and] the last act evidencing the continuing practice falls within the
limitations periods." *Cowell v. Palmer Twp.*, 236 F.3d 286, 292 (3d Cir. 2001) (citing
cases). To establish that the continuing violations doctrine should apply, plaintiff must
show that "the defendant's conduct [was] 'more than the occurrence of isolated or
sporadic acts.'" *Id.* at 292 (citing *West v. Philadelphia Elec. Co.,* 45 F.3d 744, 755 (3d
Cir. 1995)). To make this determination, the court will consider the following three
factors:

7

(1) subject matter - whether the violations constitute the same type of [act], tending to connect them in a continuing violation; (2) frequency - whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence - whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights.

Id. at 292 (citing West, 45 F.3d at 755 n.9). The third factor, the "degree of permanence," is the most important factor and, when considering the "degree of permanence," the court must keep in mind that the "continuing violations doctrine should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims." Id. at 295 (citing Berry v. Bd. of Supervisors of La. State Univ., 715 F.2d 971, 981 (5th Cir. 1983) and Nat'l Adver. Co. V. City of Raleigh, 947 F.2d 1158, 1168 (4th Cir. 1991)).

Plaintiff contends that the present suit was timely initiated as forced injections of psychotropic medication have been consistently administered to him up to the filing of the present complaint. (D.I. 155 at 20) While this may be true, and may be sufficient to satisfy the first two factors considered when applying the continuing violations doctrine, the repetitive and permanent occurrence of forced medication prevents the statute of limitations from being tolled until 2004 when this complaint was filed.

Plaintiff provides medical records dating back to 1996 documenting daily administration of psychotropic medication. (D.I. 156, ex. B at 268-322, 1163-1233) This daily occurrence should have triggered plaintiff's awareness that the act he believed to be injuring him would occur into the foreseeable future without stopping. At the very latest, the 2001 Superior Court order requiring plaintiff to be medicated indefinitely should have placed him on notice that forced dosing would continue so long as he was incarcerated. Even if the statute of limitations was tolled until the 2001

8

Superior Court order and then began to accrue, plaintiff's claim has been time barred

since November 6, 2003. To allow plaintiff to proceed with this cause of action would

unjustifiably relieve plaintiff of his duty to be diligent, and frustrate the policy rationale of

the statute of limitations. *See Cowell*, 236 F.3d at 295 ("Limitations periods are

intended to put defendants on notice of adverse claims and to prevent plaintiffs from

sleeping on their rights.") (quoting *United States v. Richardson*, 889 F.2d 37, 40 (3d Cir.

1989)).

 As neither the equitable tolling doctrine nor the continuing violations doctrine are

applicable to toll the statute of limitations period until July 21, 2004, the date of

plaintiff's original complaint, plaintiff's claim is time barred and the State Defendants'

motion for summary judgment is granted.

## V. CONCLUSION

 For the reasons stated above,  the court will grant the State Defendants' motion

for summary judgment as to all counts (D.I. 151), and deny plaintiff's motion for

summary judgment.  (D.I. 149)  An appropriate order will issue.